IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
BANGOR DIVISION

| | |
|---|---|
| MATTHEW THURSTON, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY<br><br>Defendants. | Civil Action No.<br><br>_____ cv _____ |

## NOTICE OF REMOVAL

Defendants Progressive Casualty Insurance Company ("Progressive Casualty") and United Financial Casualty Co. ("UFCC") (collectively "Defendants") remove this purported class action from the Superior Court in Hancock County, Maine, to the United States District Court for the District of Maine. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and on the basis of the following facts, which show that this case may properly be removed to this Court:

1. Plaintiff Matthew Thurston ("Plaintiff") filed this case on October 6, 2022, in the Superior Court in Hancock County, Maine, Case No. ELLSC-CV-2022-00034 against Progressive Casualty. *See* Hancock County Superior Court Filings, attached as Ex. A. The original complaint was never served. *Id.* On October 24, 2022, Plaintiff filed the operative Amended Complaint against Progressive Casualty and UFCC. *See* Amended Complaint, Ex. A at 23. Progressive

1

Casualty was served with the Amended Complaint on November 1, 2022. Service of Process Transmittal Summary, Ex. A at 20.[1]

2. In the Amended Complaint, Plaintiff alleges that Progressive Casualty sold him an automobile insurance policy, underwritten by United Financial Casualty Co. Am. Compl. ¶¶ 1-2.[2] Plaintiff alleges further that he was in an automobile accident on or about January 21, 2022, and that Defendants determined that his vehicle was a total loss. Am. Compl. ¶¶ 23-30. Plaintiff alleges that Defendants improperly valued his total loss claim by using a valuation system provided by Mitchell International, Inc. ("Mitchell") that applied a Projected Sold Adjustment ("PSA") to determine the value of his total-loss vehicle. *Id.* ¶¶ 31-38. The PSA adjusts an unsold vehicle's sticker price to "reflect consumer purchasing behavior (negotiating a different price than the listed price)," *see* Am. Compl., Ex. A (Vehicle Valuation Methodology Explanation), a practice Plaintiff contends does not reflect market realities and results in under-payment of claims, *id.* ¶¶ 39, 42, 46-47.

3. Plaintiff filed this action on behalf of himself and a putative class of "[a]ll persons who were insured by the Defendant in the State of Maine, for personal or family use of a vehicle, in the six years preceding the filing of this Complaint, who were paid or offered compensation for a total loss on their vehicle and the offer was reduced based on a Valuation Report obtained by Defendant that included a projected sold adjustment ('the Class')." *Id.* ¶ 12.

---

[1] UFCC has not been served and reserves its right to move to dismiss the Amended Complaint for insufficient service of process.

[2] The Amended Complaint interchangeably refers to both Defendants as "Defendant," "Defendants," or "Progressive." Am. Compl. ¶ 2. Progressive Casualty and UFCC are two distinct entities. The labels "Defendant" and "Progressive" improperly lump both entities together and are insufficient to allege conduct by either entity. However, for purposes of this Notice of Removal, Defendants will rely on Plaintiff's terminology as alleged.

4. Based on these allegations, Plaintiff asserts three claims against Defendants: (Count I) violation of Maine's Unfair Claim Settlement Practices law, Me. Rev. Stat. Ann. tit. 24-A, § 2436-A (1)(A), (1)(E); (Count II) violation of Maine's Unfair Trade Practices Act, Me. Rev. Stat. Ann. tit. 5, § 205-A; and (Count III) conversion. Am. Compl. ¶¶ 55-67.

5. The Complaint seeks relief on behalf of the purported class members in the form of (i) compensatory damages in the dollar amount of the alleged undervaluation of putative Class members' vehicles purportedly caused by the application of PSAs by the Mitchell valuation system, (ii) pre-judgment and post-judgment interest at a rate of 18%, (iii) punitive damages, (iv) an injunction barring Defendants from using the PSA to value total loss claims "in the future anywhere in the State of Maine," (v) attorneys' fees and costs, (vi) and any other relief the Court may deem appropriate. *Id.* ¶¶ 57, 62, 67.

6. Based on the allegations of the Amended Complaint, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**I.   DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

7. Progressive Casualty was served with the Amended Complaint on November 1, 2022. Service of Process Transmittal Summary, Ex. A at 20-21. Defendants moved for and received an extension of time from the court, making the deadline for answering the Amended Complaint November 30, 2022. *See* Unopposed Mot. to Extend Deadline, Ex. A at 41. *See also* Me. R. Civ. P. 12(a).

8. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1441(b), as it is filed within 30 days after Progressive Casualty received a copy of "the initial pleading setting forth

3

the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipestring, Inc.*, 56 U.S. 344, 347-48 (1999) (holding that the time to remove begins to run at service).

9.  As of the date of this removal, other than Defendants' unopposed motion for an extension of time, no additional pleadings and papers have been filed, and no proceedings have occurred in the Superior Court of Hancock County. *See generally* Ex. A. Defendants have not filed a responsive pleading. *Id.* Defendants hereby reserve all rights to assert any and all defenses, including improper service and failure to state a claim upon which relief may be granted. Defendants further reserve the right to amend or supplement this Notice of Removal.

10. Defendants are removing this case to the United States District Court for the District of Maine, Bangor Division, which is the "district and division embracing the place where [the] action is pending." *See* 28 U.S.C. § 1441(a).

11. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served" on Defendants is attached as Exhibit A.

12. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy will be promptly filed with the Hancock County Superior Court.

## II.   REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).

13. The Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Sta. 4 (codified in scattered sections of Title 28 of the United States Code) ("CAFA").

14. As set forth below, this is a putative class action in which: (1) there are at least 100 members of the alleged class; (2) Progressive Casualty and UFCC are citizens of a state different than at least one member of the proposed class; and (3) based on the allegations in the Complaint

and the Declaration of Michael D. Silver, the putative class members' claims put in controversy in excess of $5 million, exclusive of interest and costs. Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d), and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

A.   *The Putative Class Consists of More Than 100 Members.*

15.   The Class consists of "[a]ll persons who were insured by the Defendant in the State of Maine, for personal or family use of a vehicle, in the six years preceding the filing of this Complaint, who were paid or offered compensation for a total loss on their vehicle and the offer was reduced based on a Valuation Report obtained by Defendant that included a projected sold adjustment ('the Class')." Am. Compl. ¶ 12.

16.   Based on Plaintiff's allegations, this case meets the requirement under CAFA that the purported class consist of more than 100 members. *Id*. ¶ 22 ("Mr. Thurston's example, as summarized in this Complaint, is but one of many hundreds, if not thousands, of such instances where consumers in Maine are getting less than they are owed by Progressive for a total loss vehicle.").

17.   Defendants' investigation of reasonably available data also shows that from October 24, 2016 to October 27, 2022, they settled 6,436 first-party total loss claims under Maine automobile insurance policies for which a Mitchell valuation report was generated. *See* Declaration of Michael D. Silver ("Silver Decl.") ¶ 4, attached as Ex. B.

18.   Accordingly, the aggregate number of alleged class members is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

B.   *Minimal Diversity Exists.*

19.   Under CAFA, only minimal diversity is required to confer original federal jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of

5

any civil action . . . [which] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."). Minimal diversity is satisfied here.

20.     Plaintiff alleges that Progressive Casualty's corporate headquarters is located in Mayfield, Ohio. Am. Compl. ¶ 13. Progressive Casualty is also incorporated in Ohio. Silver Decl. ¶ 2 (confirming Progressive Casualty's Ohio citizenship). As such, Progressive Casualty is an Ohio citizen.

21.     Plaintiff also alleges that United Financial Casualty Company's corporate headquarters is located in Mayfield, Ohio. Am. Compl. ¶ 14. UFCC is incorporated in Ohio. Silver Decl. ¶ 3 (confirming UFCC's Ohio citizenship). As such, UFCC is an Ohio citizen.

22.     Plaintiff alleges that he is a citizen of the State of Maine and seeks to represent a class of Maine residents. Am. Compl. ¶¶ 11, 12.

23.     Thus, there is minimal diversity here, as Plaintiff is a citizen of Maine, and Defendants are citizens of Ohio. 28 U.S.C. § 1332(d)(2)(A).

**C.      The Amount in Controversy Exceeds $5 Million.**

24.     Under CAFA, federal district courts have original jurisdiction where, among other things, the "matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2).

25.     To satisfy the amount in controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* "[I]f a federal court is uncertain . . . the court should err in favor of exercising jurisdiction over the case." *Dinkel v. Gen. Motors Corp.*, 400 F.

Supp. 2d 289, 295 (D. Me. 2005) (*quoting* 151 Cong. Rec. H723–01, at H727 (daily ed. Feb. 17, 2005) (statement of Rep. Sensenbrenner)).

26. Based on Plaintiff's allegations and prayer for relief, the $5,000,000 amount in controversy requirement is satisfied here.

27. Plaintiff alleges that Defendants undervalued his total loss vehicle through their use of the PSA, before adding applicable taxes. Am. Compl. ¶¶ 31, 39, 46.

28. Plaintiff alleges that Defendants "treated the Plaintiff the same way it treats all consumers in Maine whose vehicles it determines to be a total loss," *id.* ¶ 49, and that Defendants "followed the same standard practice" of using valuation reports that "include a 'Projected Sold Adjustment,'" *id.* ¶¶ 35, 38.

29. Assuming, as Plaintiff alleges, that his claims are typical of the claims of the putative class members, the amount of actual damages in controversy due to the PSA is reasonably estimated to exceed $2.9 million. Specifically, the average of the three PSAs applied to Plaintiff's vehicle is $454. *Id.* ¶ 38 (listing the three PSAs applied to Plaintiff's vehicle as $398, $537, $427). Multiplying $454 by 6,436—the number of total loss claims during the putative class period for which a Mitchell valuation report was generated—equals $2,921,944 in actual damages.

30. Plaintiff also seeks punitive damages on his conversion claim. *Id.* at p.11. Maine courts award punitive damages in amounts as high as sixteen times actual damages. *See, e.g., Harris v. Soley*, 756 A.2d 499, 509 (2000). Thus, even under a conservative estimate of two-times actual damages, the amount of punitive damages in controversy is at least $5,843,888 ($2,921,944 x 2).

31. In addition to damages, Plaintiff seeks to "[e]njoin the Defendant from engaging in such unfair and deceptive trade practices in the future anywhere in the State of Maine." Am.

Compl. ¶ 62. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) (stating that the value of the amount in controversy is measured "by the judgment's pecuniary consequences to those involved in the litigation").

32. Plaintiff requests an injunction barring Defendants from using the PSA to value total loss claims "in the future anywhere in the State of Maine." Am. Compl. ¶¶ 62, 67. As discussed above, the reasonable estimate of actual damages associated with application of PSAs for the six-year class period is $2,921,944. The projected cost to Defendants of not applying the PSA for six future years would be an additional $2,921,944.

33. Accordingly, the amount in controversy is at least $11,687,776 ($2,921,944 + $5,843,888 + $2,921,944), which is sufficient to satisfy CAFA's amount in controversy requirement.

34. In sum, the factual allegations in the Complaint regarding the compensatory and punitive damages and injunctive relief Plaintiff seeks on behalf of the purported Class demonstrate that CAFA's amount in controversy requirement is satisfied here.

**III.    CONCLUSION**

35. For all the reasons stated above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

WHEREFORE, Defendants respectfully request that this action be removed from the Superior Court of Hancock County to the United States District Court for the District of Maine, Bangor Division, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453(b).

This 30th day of November, 2022.

/s/ *Thomas S. Marjerison, Esq.*
Thomas S. Marjerison, Esq.
Bar No. 7836
tmarjerison@nhdlaw.com
NORMAN, HANSON & DETROY, LLC
2 Canal Plaza
P.O. Box 4600
Portland, ME 04112
P: (207) 774-7000

Jeffrey S. Cashdan*
jcashdan@kslaw.com
Zachary A. McEntyre*
zmcentyre@kslaw.com
J. Matthew Brigman*
mbrigman@kslaw.com
Allison Hill White*
awhite@kslaw.com
KING & SPALDING LLP
1180 Peachtree St. NE
Atlanta, Georgia 30309
P: (404) 572-4600
F: (404) 572-5140

Julia C. Barrett*
jbarrett@kslaw.com
KING & SPALDING LLP
500 W. 2nd Street
Suite 1800
Austin, Texas 78701
P: (512) 457-2000
F: (512) 457-2100

*Counsel for Defendants*

**Pro hac vice* motions forthcoming

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 30, 2022, I served a copy of the foregoing NOTICE OF REMOVAL on counsel for all parties via U.S. Mail and Email at the following addresses.

John Z. Steed, Esq.
ISLAND JUSTICE
40 School St.
P.O. Box 711
Stonington, ME 04681
john@islandjusticelaw.com
P: (207) 200-7077

                                            */s/ Thomas S. Marjerison, Esq.*