# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW THURSTON, individually and on behalf of others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY,<br><br>   Defendants. | Docket No. 1:22-cv-00375-NT |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL APPRAISAL AND STAY THE PROCEEDINGS**

**INTRODUCTION**

Plaintiff's Opposition to UFCC's Motion to Dismiss, or in the Alternative, to Compel Appraisal and Stay the Proceedings, ECF 18, lays bare the fundamental flaws in his Amended Complaint, and his generalized approach to this dispute over the value of his total loss. UFCC is attempting to provide Plaintiff what he claims UFCC has not offered him—the actual cash value ("ACV") of his vehicle. The claim has not yet settled because Plaintiff refuses to participate in the appraisal process, which both parties agreed would apply should the parties dispute the loss value.

As set forth in its opening brief, UFCC has twice demanded appraisal and selected its appraiser, but Plaintiff continues to refuse to cooperate. Plaintiff's attempt to sidestep his agreement because an "appraisal" was "completed" through Mitchell's Vehicle Valuation Report is nonsensical. The Policy's appraisal clause is designed to resolve disputes over the values generated by the Vehicle Valuation Report. *See* ECF 12-2 at 28. And, as reiterated below, because compliance with the Policy terms is a condition precedent to taking legal action against UFCC, Plaintiff's claims are barred by his refusal to participate in appraisal and should be dismissed. Alternatively, and at a minimum, this Court should compel appraisal and stay the proceedings. Finally, even if Plaintiff's claims were not barred, he nonetheless fails to state a claim on each of his three claims, and the Court should dismiss the Amended Complaint with prejudice.

**ARGUMENT AND CITATION TO AUTHORITY**

**A.  The Policy's Appraisal Clause is Valid, Enforceable, and Plaintiff's Failure to Submit to Appraisal Bars His Claims.**

The Court should reject Plaintiff's transparent efforts to reframe his allegations through his Opposition. Contrary to Plaintiff's contention that "this disagreement is not about the 'amount of loss,'" ECF 18 at 4, the Amended Complaint makes clear—repeatedly—that Plaintiff's central claim is that UFCC did not offer to pay him what he was owed under the Policy, *i.e.*, that UFCC

1

did not offer him the ACV of his loss vehicle. *See, e.g.*, ECF 1-2 ¶¶ 7, 9 ("Rather than pay Plaintiff fair value for his car, Progressive relied on Mitchell's systemic depressed value."), 31 ("Progressive's offer to pay Plaintiff for the vehicle was less than the full value it had promised to pay."). Because the single question in this case is whether the amount UFCC offered Plaintiff was less than what he was owed under his Policy, it is a dispute over the amount of Plaintiff's loss, and the appraisal clause squarely applies. And because Plaintiff has refused to participate upon either of UFCC's *two* demands for appraisal—his claims are barred. *See* ECF 12-2 at 34 (providing that UFCC "may not be sued unless there is full compliance with all the terms of this policy"). Indeed, Plaintiff cannot plausibly allege that he was paid less than ACV where it is uncontested that he has not been paid due to his own failure to comply with the Policy.

Plaintiff's reliance on *Stanikzy v. Progressive Direct Ins. Co.*, 2020 WL 2800711 (W.D. Wash. May 29, 2020), *see* ECF 18 at 5, is misplaced because of key factual distinctions between the cases and their regulatory backdrops. Importantly, the claims in *Stanikzy* were predicated on a Washington statute specifying what adjustments an insurer can make when valuing a total loss. 2020 WL 2800711 at *1. Of course, Plaintiff can point to no such Maine statute, as none exists. Further, the defendant in *Stanikzy* invoked the appraisal clause *after* the suit commenced, not before, as UFCC did here. And unlike Plaintiff's claim, which has not settled, the claim in *Stanikzy* settled before litigation.

Similarly, this Court should reject Plaintiff's novel contentions that an appraisal clause addressing the amount of loss is *per se* unenforceable under the Unfair Claims Settlement Practices Act ("UCSPA") and the Unfair Trade Practices Act ("UTPA"). *See* ECF 18 at 6–7. Plaintiff says that mandatory appraisal will preclude his ability to "contest Progressive adding an unwarranted subjective and arbitrary charge," thereby violating the UCSPA, 24 Me. Rev. Stat. § 2436-A(1)(e).

2

*See* ECF 18 at 6. He further contends that enforcing the clause would deprive him of the UTPA's right to a jury trial, actual damages, and injunctive relief for violations of the statute. *Id.* at 6–7. He argues the clause is unenforceable under 5 Me. Rev. Stat. § 214 because it constitutes a "waiver by a consumer of the provisions [of the UTPA]." ECF 18 at 7. Both points miss the mark.

First, it is well-established that appraisal clauses in insurance policies used to determine the amount of a loss are enforceable in Maine. *See, e.g.*, *Musto v. Liberty Ins. Corp.*, 2021 WL 5501765, at *6 (D. Me. Nov. 21, 2021); *Dunton v. Westchester Fire Ins. Co.*, 71 A. 1037 (Me. 1908). "[I]f parties stipulate *in contracts of insurance and other similar contracts* to submit to arbitration the question of the amount of damage . . . it is entirely competent for them to make such an agreement a condition precedent to the right of action." *Id.* at 1039 (emphasis added). It is for this reason that Plaintiff can point to no case law or an on-point statutory provision for his proposition about a standard insurance provision.[1]

Second, the appraisal clause is merely a condition precedent to suit—it does not waive any of Plaintiff's rights under the UTPA. Plaintiff is free to pursue his statutory claims about UFCC's conduct under the Policy after he complies with the condition precedent to taking legal action on the Policy. It is nonsensical for Plaintiff to assert that the appraisal clause would prevent Plaintiff from "contesting" UFCC's valuation—indeed, that is the very point of appraisal.

---

[1] The Court need look no further than the Maine Bureau of Insurance ("BOI") website for evidence of the ubiquity of such clauses. The BOI includes the following information about appraisal clauses: "*Most personal automobile insurance policies* . . . have an appraisal clause. This allows disputes between the policyholder and insurer over the amount of loss to a vehicle or property to be resolved by appraisal." Auto Claim FAQs, *available at* https://www.maine.gov/pfr/insurance/frequently-asked-questions/auto-claims (emphasis added); *see also Alfiero v. Metlife Auto & Home Ins. Agency, Inc.*, 2017 WL 2804902, at *2 (D. Me. June 28, 2017) (pointing to the BOI website's language on appraisal to note that the requirement that the insured pay for his own appraiser is not "hidden from the lay public").

In sum, the appraisal clause is valid and enforceable, and Plaintiff's participation in appraisal is a condition precedent to this suit. Accordingly, the Court should dismiss the Amended Complaint, or, alternatively, compel appraisal and stay the proceedings. *See Auburn Water Dist. v. Ins. Co. of N.A.*, 312 A.2d 174, 178 (Me. 1973) (entering judgment for the insurer where the insured failed to comply with a condition precedent to indemnification under the policy); *Liberty Bell Moving & Storage, Inc. v. Transguard Ins. Co. of Am., Inc.*, 2018 WL 6182048 (D. Me. Nov. 27, 2018) (staying proceedings and compelling appraisal of the value of damaged real property).

**B.    The Amended Complaint Fails to State a Claim.**

    **1.    *Plaintiff Fails to State a Claim Under the UCSPA*.**

        a.    Plaintiff Has Not Alleged UFCC Knowingly Misrepresented Facts Relating to Coverage.

Plaintiff's Amended Complaint is devoid of any non-conclusory allegations that UFCC "knowingly misrepresent[ed] to [Plaintiff] pertinent facts or policy provisions relating to coverage at issue." *See* 24-A Me. Rev. Stat. § 2436-A(1)(A). Instead, Plaintiff's Opposition points to the allegation that the PSA "creates a misleading and false impression that the value of a consumer's car is less than its true value." ECF 18 at 8. This allegation fails to state a UCSPA claim. First, the alleged misrepresentation has nothing to do with *coverage under the Policy*. *See* 24-A Me. Rev. Stat. § 2436-A(1)(A). It is undisputed that UFCC owes Plaintiff the amount of loss for his vehicle up to its ACV. Second, Plaintiff's Opposition makes only conclusory assertions regarding UFCC's "policy of inserting PSAs" into vehicle valuations. These arguments are belied by the face of the Amended Complaint, which makes clear that the Vehicle Valuation Reports containing PSAs are obtained "from [UFCC's] contractor," Mitchell. *See* ECF 1-2 ¶ 33; *see also id.* ¶ 8 ("Progressive hired another company, Mitchell, to appraise Plaintiff's total loss."). There are no well-pled facts alleging UFCC *knew* the PSAs applied by Mitchell were inaccurate.

4

Plaintiff responds by characterizing Mitchell as UFCC's "agent[]." ECF 18 at 8. Pointing to *Saucier v. Allstate Insurance Company*, 742 A.2d 482, 484 (Me. 1999), Plaintiff claims an insurer violates the UCSPA by "instruct[ing] agents to use an unpermitted factor" in valuing a loss. But *Saucier* does not support Plaintiff's argument. Unlike Plaintiff's claims, *Saucier* involved misrepresentations about the extent of coverage—specifically the meaning of certain policy terms regarding underinsurance coverage. Plaintiff has not alleged a single misrepresentation about the extent of coverage under his policy. Further, the insurer's "agent" in *Saucier* was its own claims analyst, whom the company directed to disregard the policy provisions. *Id.* at 488–89. In contrast, Mitchell is not an agent of UFCC; it is a third-party vendor that UFCC contracts with to produce Vehicle Valuation Reports, as alleged in the Amended Complaint. ECF 1-2 ¶¶ 8, 33. Conclusory allegations of conspiracy or coordination between UFCC and Mitchell are insufficient under Rule 12(b)(6). *See Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013).

      b.    <u>Plaintiff Fails to Plausibly Allege That UFCC's Settlement Offer was "Without Just Cause."</u>

Plaintiff has also failed to plausibly allege that UFCC's settlement offer was "without just cause." Beyond conclusory allegations that parrot the language of the UCSPA, the Amended Complaint is devoid of plausible allegations that UFCC's initial settlement offer was without just cause. Plaintiff's Opposition simply does not explain this omission. And again, as alleged, UFCC relied on sophisticated valuation software provided by Mitchell to estimate the value of Plaintiff's vehicle, which Plaintiff's Policy expressly permitted UFCC to do. *See* ECF 12-2 at 31. Plaintiff simply disagrees with the estimate the Mitchell software calculated for his vehicle, which is precisely what the Policy's appraisal clause is intended to address.

        c.        <u>Plaintiff Fails to Allege Injury Caused by the PSA.</u>

In his Opposition, Plaintiff argues he has alleged an injury caused by the PSA because he "would have received a greater amount for [his] total loss vehicle[] from Progressive." ECF 18 at 10. But these allegations are implausible; Plaintiff does not allege: (1) he's been paid anything by UFCC, (2) that his claim has settled, or (3) that he signed over his vehicle's title to UFCC. As such, Plaintiff fails to allege an injury caused by the PSA, which dooms his UCSPA claim.

### *2.  Plaintiff Fails to State a Claim under the UTPA.*

Plaintiff has not alleged any material misrepresentation involving "information that is important to consumers" and "likely to affect [his] choice of . . . a product." *State v. Weinschenk*, 868 A.2d 200, 206 (Me. 2005) (noting that a "material misrepresentation" under the UTPA must involve practices "likely to mislead consumers acting reasonably under the circumstances"). He contends UFCC violated the UTPA by "misrepresenting the fair market values of vehicles and by misrepresenting the nature of the PSA." ECF 18 at 11–12. This argument fails.

Even assuming the alleged misrepresentations regarding the PSA were attributable to UFCC, Plaintiff has not, and cannot, allege they affected his decision to purchase insurance. The only alleged representation at all regarding the PSA is contained in the Vehicle Valuation Report, which Plaintiff received after his total-loss—*i.e.*, *after* he purchased his Policy. *See* ECF 1-2 ¶¶ 27, 34. Thus, representations regarding the PSA could not possibly have affected his decision to purchase insurance. Nor does Plaintiff allege that information regarding a single adjustment (of many) a third-party vendor sometimes applies in determining ACV is "material" to consumers. Finally, for the same reasons Plaintiff fails to allege an injury to support his UCSPA claim, Plaintiff fails to plausibly allege any "loss of money or property" from application of the PSA as required to state a UTPA claim.

### 3.   *Plaintiff Fails to State a Claim for Conversion.*

Plaintiff insists that he alleged a claim for conversion, pointing to authority standing for the general proposition that Maine law recognizes conversion of intangibles, such as a right to payment, including stemming from an insurance policy. ECF 18 at 12–13. But the law is clear: where a plaintiff's claim for the "conversion" of money is functionally a dispute over the amount owed under a contract, there is no separate claim for conversion. *See Innovative Network Sols., Inc. v. Onestar Commc'n, LLC*, 283 F. Supp. 2d 295, 301 (D. Me. 2003) (dismissing claim for conversion of money owed under a contract because "Maine Law does not recognize a duplicative tort remedy" when "the plaintiff has a contract remedy for its claimed damage"). Plaintiff cites no authority stating that failure to pay his assertion of the value of his total loss, on demand, is conversion. Plaintiff's claim is an ill-disguised contract claim and should be dismissed.

### C.   **Plaintiff's Claims Against Progressive Casualty Should be Dismissed.**

Plaintiff's Opposition tacitly admits that the Amended Complaint contains no relevant factual allegations pertaining to Progressive Casualty. Plaintiff points only to the allegation (not appearing in the Amended Complaint) that UFCC and Progressive Casualty "operated together" to market and sell an insurance policy to him. ECF 18 at 13. This is a "variation of shotgun pleading," and is insufficient as a matter of law. *See Ames v. Dep't of Marine Res. Com'r*, 256 F.R.D. 22, 30–31 (D. Me. 2009). Because Plaintiff fails to allege any facts connecting Progressive Casualty with the underwriting of his Policy, his claims against Progressive Casualty should be dismissed. *See Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980).

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion to dismiss the Amended Complaint with prejudice, or compel appraisal and stay the proceedings.

Respectfully submitted this 22nd day of February, 2023.

>*/s/ Thomas S. Marjerison*
>Thomas S. Marjerison, Esq.
>Bar No. 7836
>tmarjerison@nhdlaw.com
>NORMAN, HANSON & DETROY, LLC
>2 Canal Plaza
>P.O. Box 4600
>Portland, ME 04112
>P: (207) 774-7000
>
>Jeffrey S. Cashdan*
>jcashdan@kslaw.com
>Zachary A. McEntyre*
>zmcentyre@kslaw.com
>J. Matthew Brigman*
>mbrigman@kslaw.com
>Allison Hill White*
>awhite@kslaw.com
>KING & SPALDING LLP
>1180 Peachtree St. NE
>Atlanta, Georgia 30309
>P: (404) 572-4600
>F: (404) 572-5140
>
>Julia C. Barrett*
>jbarrett@kslaw.com
>KING & SPALDING LLP
>500 W. 2nd Street
>Suite 1800
>Austin, Texas 78701
>P: (512) 457-2000
>F: (512) 457-2100
>
>*Counsel for Defendants*
>
>*Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 22, 2023, a copy of the foregoing DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL APPRAISAL AND STAY THE PROCEEDINGS was electronically filed through the Court's ECF system. Notice of this filing will be sent by operation of the Court's ECF system to all counsel of record.

                                                        */s/ Thomas S. Marjerison*
                                                        Thomas S. Marjerison, Esq.