UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW THURSTON, individually and on behalf of others similarly situated, | |
| Plaintiff, | Docket No. 1:22-cv-00375-NT |
| v. | **JURY TRIAL DEMANDED** |
| PROGRESSIVE CASUALTY INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY, | |
| Defendants. | |

**DEFENDANTS' ANSWER AND DEMAND FOR JURY TRIAL**

At the outset, Defendants Progressive Casualty Insurance Company and United Financial Casualty Company (together, "Defendants"), note that unless expressly admitted below, all contents of the First Amended Complaint, including the allegations in the numbered paragraphs, headings, and footnotes are expressly denied.

**INTRODUCTION**

1. Defendants deny the allegations in Paragraph 1.

2. Defendants admit that the commonly known Progressive trademark is registered to Progressive Casualty Insurance Company. Defendants further admit that Plaintiff's policy is underwritten by United Financial Casualty Co. Defendants deny the remaining allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

## PARTIES AND VENUE

11. Defendants admit, on information and belief, that Plaintiff is a resident of Hancock County, Maine. Defendants further admit that Plaintiff purchased an automobile insurance policy from United Financial Casualty Company in Maine. Defendants deny the remaining allegations in Paragraph 11.

12. Defendants admit that Plaintiff purports to bring this case as a class action. Defendants deny that the putative class is properly defined and deny that class certification is appropriate in this case. Defendants deny the remaining allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants admit the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants admit that they conduct business in Maine under the Progressive brand. Defendants deny any remaining allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

## FACTS

23. Defendants admit that a vehicle Plaintiff was driving was damaged in a collision on January 21, 2022. Defendants deny the remaining the allegations in Paragraph 23.

24. Defendants admit the 2012 Volvo XC70 with VIN #YV4952BL2C1140915 was the vehicle involved in the January 21, 2022, collision. Defendants deny any remaining allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore deny the allegations in Paragraph 26.

27. Defendants admit that at the time of the collision, Plaintiff had auto insurance from United Financial Casualty Company. Defendants deny any remaining allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants admit that Plaintiff made a claim for damage to the Volvo on January 25, 2022. Defendants deny the remaining allegations in Paragraph 29.

30. Defendants admit that United Financial Casualty Company covered Plaintiff's claim, declared the Volvo to be a total loss, and offered a cash payment in settlement of the claim. Defendants deny any remaining allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants admit that United Financial Casualty Company obtained a Vehicle Valuation Report from Mitchell to value the Volvo. Defendants deny the remaining allegations in Paragraph 33.

34.     Defendants admit that United Financial Casualty Company provided the Valuation Report, attached as Exhibit A to the First Amended Complaint, to Plaintiff. Defendants deny the remaining allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants admit that Mitchell Vehicle Valuation Reports consider comparable used vehicles of the same year, make, and model as the total-loss vehicle. Defendants deny the remaining allegations in Paragraph 36.

37.     Defendants admit that Mitchell applies adjustments to account for differences in mileage, equipment, and vehicle configuration between the comparable vehicle and the loss vehicle. Defendants deny the remaining allegations in Paragraph 37.

38.     Defendants admit that Mitchell applies a Projected Sold Adjustment to some comparable vehicle list prices. Defendants deny the remaining allegations in the first sentence of Paragraph 38. Defendants admit the allegations in the second sentence of Paragraph 38. As to the third sentence of Paragraph 38, Defendants admit that those PSAs were applied in the valuation report produced for the loss vehicle. Defendants deny the remaining allegations in the third sentence of Paragraph 38. Defendants deny any remaining allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in the first sentence of Paragraph 43. Defendants admit the allegations in the second sentence of Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45. Defendants admit, on information and belief, that CCC Intelligent Solutions provides automated valuation reports to insurance companies and that it does not apply projected sold adjustments. Defendants deny the remaining allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

## CLASS ALLEGATIONS

48. Defendants incorporate their responses to the above paragraphs as if fully set forth herein.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants admit that United Financial Casualty Company maintains Valuation Reports and other records relating to the adjustment of total loss claims in Maine. The remaining allegations in Paragraph 50 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 50.

51. Defendants admit that individual Vehicle Valuation Reports disclose the amount of any PSAs applied to comparable vehicles on the report. Defendants deny any remaining allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

## Prayer for Relief

Answering the allegation in Plaintiff's prayer for relief, Defendants admit that Plaintiff purports to bring this action to recover damages on behalf of himself and members of a putative class. Defendants deny that Plaintiff's claims have merit, deny that this case is suitable for class

treatment, and deny that Plaintiff or the putative class members are entitled to any relief whatsoever.

### COUNT I - 24-A M.R.S. § 2436-A- Unfair Claim Settlement Practices

55. The Defendants incorporate their responses to the above paragraphs as if fully set forth herein.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

### Prayer for Relief

Answering the allegations in Plaintiff's prayer for relief, Defendants deny that this case is suitable for class treatment. Defendants deny that Plaintiff and the putative class are entitled to any relief. Defendants deny the remaining allegations in the prayer for relief, including all subparts.

### COUNT II - 5 M.R.S. § 205-A- Maine Unfair Trade Practices Act

58. Defendants incorporate their responses to the above paragraphs as if fully set forth herein.

59. Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 59. To the extent a response is required, Defendants admit that Plaintiff purported to purchase his policy with United Financial Casualty Company for personal or family use. Defendants deny any remaining allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

### Prayer for Relief

Answering the allegations in Plaintiff's prayer for relief, Defendants deny that this case is suitable for class treatment. Defendants deny that Plaintiff and the putative class are entitled to any relief. Defendants deny the remaining allegations in the prayer for relief, including all subparts.

### COUNT III - Conversion

63. Defendants incorporate their responses to the above paragraphs as if fully set forth herein.

64. Count III of the First Amended Complaint was dismissed by this Court's order dated June 20, 2023. *See* Dkt. No. 22.

65. Count III of the First Amended Complaint was dismissed by this Court's order dated June 20, 2023. *See* Dkt. No. 22.

66. Count III of the First Amended Complaint was dismissed by this Court's order dated June 20, 2023. *See* Dkt. No. 22.

67. Count III of the First Amended Complaint was dismissed by this Court's order dated June 20, 2023. *See* Dkt. No. 22.

### Prayer for Relief

Count III of the First Amended Complaint was dismissed by this Court's order dated June 20, 2023. *See* Dkt. No. 22.

### JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims and those of the putative class members are subject to binding appraisal.

7

### THIRD DEFENSE

Plaintiff's claims and those of the putative class members are barred by the doctrine of laches and unclean hands.

### FOURTH DEFENSE

The claims alleged in the First Amended Complaint may not be properly certified or maintained as a class action. Plaintiff has failed to adequately allege all the elements necessary to establish a valid class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff is not an appropriate class representative because his claims are not common and/or typical of the claims of the other purported class members. Plaintiff's claims are inappropriate for class treatment because there are no common questions of law or fact, and Plaintiff would not adequately represent the members of the putative class.

### FIFTH DEFENSE

Plaintiff's claims and those of the putative class members are barred in whole or in part by the doctrines of waiver, release, and/or estoppel.

### SIXTH DEFENSE

Some or all of Plaintiff's and the putative class members' claims and their requested remedies are barred by accord and satisfaction.

### SEVENTH DEFENSE

Defendants are entitled to a setoff of any damages owed to Plaintiff or putative class members to the extent their insurance policies were cancelled with a balance due.

### EIGHTH DEFENSE

To the extent the evidence in this case reveals that Plaintiff's claims or the claims of putative class members are subject to the doctrines of Res Judicata, Collateral Estoppel, Claim

Preclusion or Issue Preclusion, Defendants assert that such doctrines bar Plaintiff's and the putative class members' claims in this action.

## NINTH DEFENSE

Plaintiff and the putative class members lack standing to the extent they would not have received a payment even if a Projected Sold Adjustment were not applied.

## TENTH DEFENSE

Plaintiff lacks standing because he did not own the 2012 Volvo XC70 at issue in this case.

## ELEVENTH DEFENSE

Plaintiff and the putative class members are not the real-party-in-interest.

## TWELFTH DEFENSE

Some or all of Plaintiff's claims and the claims of the putative class members are barred by the applicable provisions of the contracts, policies, and/or agreements at issue in this litigation.

\*\*\*

Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during the proceedings in this case, including defenses that may apply to any unnamed members of the putative class which Plaintiff seeks to represent, and hereby reserve their rights to amend their Answer and Defenses to assert any such defense.

WHEREFORE, Defendants request that judgment be entered in their favor, that the claims asserted in the First Amended Complaint be dismissed with prejudice, and that the Court grant Defendants such other relief as may be just and proper, including, but not limited to, an award of costs.

Respectfully submitted this 12th day of July, 2023.

/s/ *Jeffrey S. Cashdan*

Jeffrey S. Cashdan*
jcashdan@kslaw.com
Zachary A. McEntyre*
zmcentyre@kslaw.com
J. Matthew Brigman*
mbrigman@kslaw.com
Allison Hill White*
awhite@kslaw.com
KING & SPALDING LLP
1180 Peachtree St. NE
Atlanta, Georgia 30309
P: (404) 572-4600
F: (404) 572-5140

Julia C. Barrett*
jbarrett@kslaw.com
KING & SPALDING LLP
500 W. 2nd Street
Suite 1800
Austin, Texas 78701
P: (512) 457-2000
F: (512) 457-2100

Thomas S. Marjerison, Esq.
Bar No. 7836
tmarjerison@nhdlaw.com
NORMAN, HANSON & DETROY, LLC
2 Canal Plaza
P.O. Box 4600
Portland, ME 04112
P: (207) 774-7000

*Counsel for Defendants*

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2023, a copy of the foregoing **Defendants' Answer and Demand for Jury Trial** was electronically filed through the Court's ECF system. Notice of this filing will be sent by operation of the Court's ECF system to all counsel of record.

*/s/ Jeffrey S. Cashdan*
Jeffrey S. Cashdan
