UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW THURSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Docket No. 1:22-cv-00375-NT |
| | ) |
| PROGRESSIVE CASUALTY | ) |
| INSURANCE COMPANY, and UNITED | ) |
| FINANCIAL CASUALTY COMPANY, | ) |
| | ) |
| Defendants. | |

## REPORT OF RULE 26(f) CONFERENCE REPORT AND DISCOVERY PLAN

Plaintiff Matthew Thurston ("Plaintiff") and Defendants Progressive Casualty Insurance Company and United Financial Casualty Company ("Defendants"), by and through counsel, submit this Rule 26(f) Conference Report and Discovery Plan in accordance with Fed. R. Civ. P. 26(f). The counsel identified below participated in the meeting required by Fed.R.Civ.P. 26(f), telephonically on July 3, 2023, and agreed to the following:

1. **Synopsis of case**:  The Plaintiff brought this action against the Defendants on behalf of himself and those similarly situated, alleging violations of the  Maine Unfair Trade Practices Act (5 M.R.S. § 205 et seq.) and the Unfair Claims Settlement Practices Act (24-A M.R.S. § 2436) claiming that the Defendants' use of a "Projected Sold Adjustment" ("PSA") in calculating the value of total loss vehicles violates consumers' rights under those statutes. A claim for conversion was dismissed after a motion by the Defendants.

2. **Initial Disclosures**:  The parties have completed or will complete the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by **July 19, 2023**.

3. **Discovery Plan**:  The parties propose this discovery plan:

(a)    **Subjects**: Discovery will be needed on all issues presented by the complaint, namely Plaintiff's theories of liability and damages and Defendant's defenses and the composition of the putative class.

*(b)*    **E-Discovery**: Disclosure or discovery of electronically stored information will be addressed in a separate report or agreement which will be provided to the Court by **July 19, 2023**.

(c)    **Discovery Cutoff Dates:**

    (a) All discovery will be commenced in time, as to fact discovery, to be completed by **January 31, 2024**.

    (b) All discovery will be commenced in time, as to expert discovery, to be completed by **May 29, 2024**.

(d)    **Reports of Retained Expert**:  At this time the parties have not yet determined whether expert witnesses will be needed.  If Plaintiff determines expert witnesses are needed, reports and disclosures from such experts shall be made in accordance with Fed. R. Civ. P. 26(a)(2) by **February 15, 2024**. If Defendants determine expert witnesses are needed, reports and disclosures from such experts shall be made in accordance with Fed. R. Civ. P. 26(a)(2) by **April 17, 2023.**

(e)    **Number of Depositions, Interrogatories, Requests for Production and Requests for Admissions:** Each side will be permitted 30 interrogatories, 30 requests for admissions, 8 depositions, and 2 sets of requests for production.

4. **Class Certification Motions**:

    (a)    Plaintiff shall file any motions for class certification by **February 15, 2024.**

    (b)    Defendants shall file any opposition to class certification by **April 17, 2024.**

(c)   Plaintiff shall reply to any opposition to class certification by **June 3, 2024.**

5.   **Joinder of Parties/Amendment of Pleadings**: Final date for the parties to amend pleadings or to join parties is **December 31, 2023.**

6.   **Dispositive Motions**:

(a)   Deadline to file Notice of Intent to file Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h): <u>30 days after a ruling on class certification.</u>

(b)   Deadline for Filing of All Dispositive Motions and All Daubert and other Challenging Expert Witnesses with Supporting Memoranda: <u>45 days after a ruling on class certification.</u>

6.   **Settlement**: At this point in the case, it is too early to determine whether settlement is likely; however, the parties agree to hold open the option of mediation of this matter.

7.   **Final Lists of Witnesses and Exhibits**:  Final lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) should be due 30 days before trial.  Parties will have **14 days** after service of final lists of witnesses and exhibits to file objections.

8.   **Trial**: This jury action should be ready for trial by **October 15, 2024**, and at this time is expected to take approximately ***one week***, including jury selection, if a trial as to the individual claims only, and ***two weeks or longer*** if a trial on the class claims.

9.   **Pretrial Conference**: Parties request pretrial conference on **October 1, 2024.**

10.   **Jurisdiction by Magistrate**: Parties do not consent to the exercise of a magistrate judge.

11.   **Reason for Additional Time, Deadlines, and Depositions Proposed in Plan:** The parties agree that, given the complexities in the case, additional time is required to realistically complete discovery. Since it is a class case, there are separate deadlines for the parties to present their

arguments related to class certification to this Court. Additionally, if a class is certified, there will need to be time for notice to be sent to the class and responses to any notice. The parties agree that the discovery plan and scheduling order should provide separate deadlines for fact and expert discovery, so that expert opinions may be based on the facts brought to light during the fact discovery period.

DATED:  July 12, 2023                                 Respectfully submitted,

                                                     */s/ John Z. Steed*
                                                     John Z. Steed, Bar #5399
                                                     **ISLAND JUSTICE**
                                                     P.O. Box 711
                                                     Stonington, ME 04681
                                                     Telephone: (207) 200-7077
                                                     john@islandjusticelaw.com

                                                     *Attorney for Plaintiff*


                                                     */s/ Jeffrey S. Cashdan*
                                                     Jeffrey S. Cashdan (admitted *pro hac vice*)
                                                     Zachary A. McEntyre (admitted *pro hac vice*)
                                                     J. Matthew Brigman (admitted *pro hac vice*)
                                                     Allison Hill White (admitted *pro hac vice*)
                                                     **KING & SPALDING LLP**
                                                     1180 Peachtree Street, N.E.
                                                     Atlanta, Georgia 30309
                                                     Telephone: (404) 572-4600
                                                     Facsimile: (404) 572-5100
                                                     jcashdan@kslaw.com
                                                     zmcentyre@kslaw.com
                                                     mbrigman@kslaw.com
                                                     awhite@kslaw.com

                                                     Julia C. Barrett (admitted *pro hac vice*)
                                                     **KING & SPALDING LLP**
                                                     500 W. 2nd Street
                                                     Austin, Texas 78701
                                                     Telephone: (512) 457-2000
                                                     Facsimile: (512) 457-2100
                                                     jbarrett@kslaw.com

Thomas S. Marjerison
Bar No. 7836
**NORMAN, HANSON & DeTROY, LLC**
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112
Telephone: (207) 774-7000
tmarjerison@nhdlaw.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 12, 2023, a copy of the foregoing **Report of Rule 26(f)**
**Conference Report and Discovery Plan** was electronically filed through the Court's ECF system.
Notice of this filing will be sent by operation of the Court's electronic filing system to all parties
indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic
filing system.

*/s/ Jeffrey S. Cashdan*
Jeffrey S. Cashdan (admitted *pro hac vice*)
