UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW THURSTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 1:22-cv-00375-NT |
| | ) |
| PROGRESSIVE CASUALTY | ) |
| INSURANCE COMPANY et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON MOTION TO AMEND AND MOTION TO INTERVENE**[1]

In this putative class action, Matthew Thurston alleges that Progressive Casualty Insurance Company and United Financial Casualty Co. systematically undervalued automobiles when paying insurance claims to Maine policy holders. *See* ECF No. 1-2. After the close of discovery and the expiration of the deadline for amendment of pleadings and joinder of parties, Thurston simultaneously filed a motion for class certification and a motion to amend his complaint to add Katherine Bridges and Genevieve McDonald as named plaintiffs. *See* Motion for Class

---

[1] I recently issued a recommended decision on a motion to intervene out of an abundance of caution. *See Old Orchard Provisions, LLC v. Town of Old Orchard Beach*, No. 2:23-cv-00272-NT, 2023 WL 8540917, (D. Me. Dec. 11, 2023) (rec. dec.), *aff'd*, 2024 WL 22892 (D. Me. Jan. 2, 2024). Upon further research, however, I found many cases from this and other courts throughout the First Circuit determining that motions to intervene are nondispositive. *See, e.g., Sea Hunters, L.P. v. S.S. Port Nicholson*, No. 2:08-cv-272-GZS, 2013 WL 5435636, at *1 n.1 (D. Me. Sept. 29, 2013); *Centerpoint Props. Tr. v. Norberg*, No. 2:13-cv-175-JAW, 2013 WL 4508360, at *1 n1. (D. Me. Aug. 22, 2013); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, No. 03-md-1532, 2009 WL 861485, at *1 (D. Me. Mar. 26, 2009); *UMB Bank, N.A. v. City of Central Falls*, No. 19-182WES, 2022 WL 17485809, at *1 n.1 (D.R.I. Dec. 7, 2022); *Varsity Wireless, LLC v. Town of Boxford*, No. 15-11833-MLW, 2016 WL 11004357, at *1 n.3 (D. Mass. Sept. 9, 2016); *Los Cangris v. UMG Recordings, Inc.*, No. 10-1349 (JAG), 2012 WL 1952824, at *6 n.5 (D.P.R. May 30, 2012). I agree with the reasoning of those cases and therefore will issue a direct order on the motion to intervene in this case.

Certification (ECF No. 47); Motion to Amend (MTA) (ECF No. 48). After the Defendants objected to Thurston's motion to amend and pointed out that it was untimely and argued under the wrong standard, *see* MTA Opposition (ECF No. 52), Bridges and McDonald moved to intervene, *see* Motion to Intervene (MTI) (ECF No. 54). In the meantime, the parties finished briefing the motion for class certification.

Thurston seeks to add Bridges and McDonald to the case—and they seek to intervene—to strengthen class representation and hedge against the possibility that Thurston will be found an inadequate class representative. *See generally* MTA; MTI. This possibility was made more real when the Defendants, in opposing class certification, argued that Thurston lacks standing to represent the putative class because he did not own the vehicle for which he submitted the claim underlying this case and any payment would have been made to his parents as the actual owners of the vehicle. *See* Opposition to Class Certification (ECF No. 58) at 8-9.

Beginning with the motion to amend, I conclude that Thurston has failed to show good cause under Fed. R. Civ. P. 16(b) to allow him to amend his complaint after the deadline for doing so. *See United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st Cir. 2015) ("[W]hen a litigant seeks leave to amend after the expiration of a deadline set in a scheduling order, Rule 16(b)'s good cause standard supplants Rule 15(a)'s leave freely given standard."). Mere "[c]arelessness in clerical or technical practices does not constitute good cause," *Curtin v. Proskauer, Rose Goetz & Mendelsohn Grp. Long Term Disability Plan*, No. 01-269-P-C, 2002 WL 273300,

at *2 (D. Me. Feb. 27, 2002), and the only excuse Thurston offers for his delay is a perfunctory statement that he calendared the deadline incorrectly, *see* MTA Reply (ECF No. 53) at 2. Accordingly, Thurston's motion to amend is **DENIED**.

Turning, then, to Bridges and McDonald's motion to intervene, I will start with their argument that they are entitled to intervene as of right under Fed. R. Civ. P. 24(a). Under Rule 24(a), courts must allow intervention as of right by anyone who demonstrates "(1) the timeliness of her motion; (2) a concrete interest in the pending action; (3) a realistic threat that resolution of the pending action will hinder her ability to effectuate that interest; and (4) the absence of adequate representation by any existing party." *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 39 (1st Cir. 2020) (cleaned up).

Bridges and McDonald fall flat on the fourth criterion because they do not contend that Thurston cannot adequately represent their interests, and their speculative argument that the Court might find Thurston to be an inadequate class representative is not enough under Rule 24(a). *Cf. Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 381 (D. Del. 1990) ("The possibility that the [named plaintiff] might in the future prove an inadequate class representative is insufficient to satisfy Rule 24(a)'s requirement that the proposed intervenor's interests are not adequately represented by the current parties.").

That leaves only Bridges and McDonald's argument that they should be permitted to intervene under Rule 24(b). *See* MTI at 1, 8. Rule 24(b) provides courts broad discretion to "allow the intervention of any party who 'has a claim that shares

3

with the main action a common question of law or fact.'" *T-Mobile Ne., LLC*, 969 F.3d at 40 (quoting Fed. R. Civ. P. 24(b)(1)(B)). In considering whether to allow permissive intervention, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights" and may consider any other relevant factors. *Id.* (quoting Fed. R. Civ. P. 24(b)(3)).

The Defendants oppose permissive intervention on the grounds that Bridges and McDonald haven't cogently explained how their intervention would aid in the development of the case and that their intervention would upend the case because fact discovery has already closed and the parties have fully briefed Thurston's motion for class certification. *See* MTI Opposition (ECF No. 55) at 7-8.

Bridges and McDonald have claims that are largely identical to Thurston's claim. That being the case, their desire to intervene to strengthen the adequacy of class representation is a legitimate basis on which to find that they will aid the development of this case and permit intervention. *See* 3 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 9:36, Westlaw (database updated June 2024) ("Courts are more amenable to permissive intervention when no additional issues are added to the case, when the intervenor's claims are virtually identical to class claims, and when intervention would strengthen the adequacy of the representation." (cleaned up)).

The question of undue delay and prejudice is a closer one. Bridges and McDonald certainly might have moved to intervene sooner in this case, particularly

4

where the potential issue with Thurston's adequacy as a class representative has been known to their shared counsel for quite some time.

But in assessing the timing of Bridges and McDonald's motion, the "most important consideration . . . is whether the delay in moving for intervention will prejudice existing parties to the case." 7C Mary Kay Kane, *Federal Practice and Procedure* § 1916, Westlaw (database updated June 2024). I conclude that the Defendants will not be unduly prejudiced by Bridges and McDonald's intervention. Their addition to the case will not require a total restart of fact discovery but rather a brief reopening to investigate their individual claims. *See In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Pracs. Litig.*, No. 99-MD-1309 (PAM), 2002 WL 31371945, at *4 (D. Minn. Oct. 7, 2002) ("[The defendant] merely objects to . . . intervention by arguing that it has prepared its defense based on the claims of the eleven original class representatives. However, even if [the defendant] needs to depose each of the new class representatives and review documents related to their claims in the context of this litigation, four depositions and relatively limited document review hardly seems an undue burden."). Nor will Bridges and McDonald's intervention totally upend the parties' briefing on the motion for class certification, which focused more on broader class certification issues like commonality and predominance than Thurston's adequacy as a class representative. The parties should be able to supplement or amend their briefing on the class certification without too much effort, and having Bridges and McDonald intervene before the Court decides the class certification issue would be most efficient.

5

For these reasons, I **GRANT** Bridges and McDonald's request to intervene under Rule 24(b). They (together with Thurston) shall file their amended complaint on the docket within three days.² The Clerk's Office is requested to schedule a conference with the parties to discuss the impact of my ruling.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: June 28, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge

---

² Bridges and McDonald have incorporated Thurston's proposed amended complaint (ECF No. 48-1) by reference in their motion to intervene. *See* MTI at 8. Typically, as intervenors, Bridges and McDonald would file a separate "pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Nevertheless, to the extent that having Thurston, Bridges, and McDonald all proceeding under the same amended complaint is incongruous with Rule 24(c), I will forgive that technical defect because it is of no real consequence. *See* 7C Mary Kay Kane, *Federal Practice and Procedure* § 1914 ("[A] deserving applicant for intervention is not likely to be turned away because of a procedural blunder of no real significance.").