UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW THURSTON, GENEVIEVE MCDONALD, and KATHERINE BRIDGES, individually and on behalf of others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY,<br><br>   Defendants. | Docket No. 1:22-cv-00375-NT |

**DEFENDANTS' ANSWER
TO PLAINTIFFS' SECOND AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

At the outset, Defendants Progressive Casualty Insurance Company ("Progressive Casualty") and United Financial Casualty Company ("UFCC") (together, "Defendants"), note that unless expressly admitted below, all contents of the Second Amended Complaint, including the allegations in the numbered paragraphs, headings, and footnotes, are expressly denied.

**INTRODUCTION**

1. Defendants deny the allegations in Paragraph 1.

2. Defendants admit that the commonly known Progressive trademark is registered to Progressive Casualty Insurance Company. Defendants further admit that Plaintiffs' policies are underwritten by UFCC. Defendants deny the remaining allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6, on information and belief.

7. Defendants admit the allegations in Paragraph 7, on information and belief.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

## PARTIES AND VENUE

13. Defendants admit, on information and belief, that Plaintiff Thurston is a resident of Hancock County, Maine. Defendants further admit that Plaintiff Thurston purchased a Maine automobile insurance policy from UFCC. Defendants deny the remaining allegations in Paragraph 13.

14. Defendants admit, on information and belief, that Plaintiff Bridges is a resident of Hancock County, Maine. Defendants further admit that Plaintiff Bridges purchased a Maine automobile insurance policy from UFCC. Defendants deny the remaining allegations in Paragraph 14.

15. Defendants admit, on information and belief, that Plaintiff McDonald is a resident of Hancock County, Maine. Defendants further admit that Plaintiff McDonald purchased a Maine automobile insurance policy from UFCC. Defendants deny the remaining allegations in Paragraph 15.

16. Defendants admit that Plaintiffs purport to bring this case as a class action. Defendants deny that the putative class is properly defined and deny that class certification is appropriate in this case. Defendants deny the remaining allegations in Paragraph 16.

17. Defendants admit the allegations in Paragraph 17.

18. Defendants admit the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants admit that they conduct business in Maine under the Progressive brand. Defendants deny any remaining allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants admit the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

## MATTHEW THURSTON'S CLAIM

27. Defendants admit that a vehicle Plaintiff Thurston was driving was damaged in a collision on January 21, 2022. Defendants deny the remaining the allegations in Paragraph 27.

28. Defendants admit the 2012 Volvo XC70 with VIN #YV4952BL2C1140915 (the "Volvo") was one of the vehicles involved in the collision. Defendants deny any remaining allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore deny the allegations in Paragraph 30.

31. Defendants admit that at the time of the collision, Plaintiff Thurston had auto insurance from UFCC. Defendants deny that Plaintiff Thurston had auto insurance from Progressive Casualty.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants admit that Plaintiff Thurston made a claim for damage to the Volvo on January 25, 2022. Defendants deny the remaining allegations in Paragraph 33.

34. Defendants admit that UFCC covered Plaintiff Thurston's claim, declared the Volvo to be a total loss, and offered a cash payment in settlement of the claim. Defendants deny any remaining allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

## KATHERINE BRIDGES' CLAIM

37. Defendants admit the allegations in Paragraph 37, on information and belief.

38. Defendants admit the allegations in Paragraph 38, on information and belief.

39. Defendants admit that at the time of the collision, Plaintiff Bridges had auto insurance from UFCC. Defendants deny that Plaintiff Bridges had auto insurance from Progressive Casualty.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants admit the allegations in Paragraph 41.

42. Defendants admit the allegations in Paragraph 42.

43. Defendants admit that Plaintiff Bridges accepted UFCC's settlement offer for her total loss insurance claim. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43. To the extent a response is required, Defendants state that UFCC paid a portion of the settlement directly to Plaintiff Bridges' lienholder, Kia Finance America, to satisfy the outstanding balance on the loan for the vehicle. Defendants deny any remaining allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

## GENEVIEVE MCDONALD'S CLAIM

45. Defendants admit the allegations in Paragraph 45, on information and belief.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants admit the allegations in Paragraph 47.

48. Defendants admit that Plaintiff McDonald accepted UFCC's settlement offer for her total-loss insurance claim. Defendants deny any remaining allegations in Paragraph 48. To the extent a response is required, Defendants state that UFCC paid the entire settlement directly to Plaintiff McDonald's lienholder, Chrysler Capital, to satisfy the outstanding balance on the loan for the vehicle.

49. Defendants deny the allegations in Paragraph 49.

## PROGRESSIVE'S STANDARD PRACTICE OF USING A PROJECTED SOLD ADJUSTMENT

50. Defendants deny the allegations in Paragraph 50.

51. Defendants admit that UFCC prepared the Vehicle Valuation Report attached as Exhibit A to the Second Amended Complaint as part of Plaintiff Thurston's total-loss insurance claim on February 17, 2022. Defendants deny any remaining allegations in Paragraph 51.

52. Defendants admit that UFCC prepared the Vehicle Valuation Report attached as Exhibit B to the Second Amended Complaint as part of Plaintiff Bridges' total-loss insurance claim on October 5, 2023. Defendants deny any remaining allegations in Paragraph 52.

53. Defendants admit that UFCC prepared the Vehicle Valuation Report attached as Exhibit C to the Second Amended Complaint as part of Plaintiff McDonald's total-loss insurance claim on March 6, 2019. Defendants deny any remaining allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants admit that Mitchell's valuation software, WorkCenter Total Loss, considers comparable used vehicles of the same year, make, and model as the total-loss vehicle when preparing a Vehicle Valuation Report. Defendants deny the remaining allegations in Paragraph 55.

56. Defendants admit that Mitchell applies adjustments to account for differences in mileage, equipment, and vehicle configuration between the comparable vehicle and the total-loss vehicle. Defendants deny the remaining allegations in Paragraph 56.

57. Defendants admit that Mitchell applies a Projected Sold Adjustment to the list prices of some, but not all, comparable vehicles considered. Defendants deny the remaining allegations in the first sentence of Paragraph 57. Defendants admit the allegations in the second sentence of Paragraph 57.

58. Defendants admit that the Vehicle Valuation Report prepared for the Volvo contains the PSAs described. Defendants deny any remaining allegations in Paragraph 58.

59. Defendants admit the allegations in Paragraph 59.

60. Defendants admit the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in the first sentence of Paragraph 65. Defendants admit the allegations in the second sentence of Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

## CLASS ALLEGATIONS

70. Defendants incorporate their responses to the above paragraphs as if fully set forth herein.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants admit that UFCC maintains Vehicle Valuation Reports and other records relating to the adjustment of total-loss insurance claims in Maine. The remaining allegations in Paragraph 72 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 72.

73. Defendants admit that the Vehicle Valuation Reports disclose the amount(s) of any PSAs applied to list prices of comparable vehicles considered. Defendants deny any remaining allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76, including all subparts. Answering the allegations in Plaintiffs' prayer for relief, Defendants admit that Plaintiffs purport to bring this action to recover damages on behalf of themselves and members of a putative class. Defendants deny that Plaintiffs' claims have merit, deny that this case is suitable for class treatment, and deny that Plaintiffs or the putative class members are entitled to any relief whatsoever.

## COUNT I - 24-A M.R.S. § 2436-A- Unfair Claim Settlement Practices

77. The Defendants incorporate their responses to the above paragraphs as if fully set forth herein.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79, including all subparts. Answering the allegations in Plaintiffs' prayer for relief, Defendants admit that Plaintiffs purport to bring this action to recover damages on behalf of themselves and members of a putative class. Defendants deny that Plaintiffs' claims have merit, deny that this case is suitable for class treatment, and deny that Plaintiffs or the putative class members are entitled to any relief whatsoever.

## COUNT II - 5 M.R.S. § 205-A- Maine Unfair Trade Practices Act

80. Defendants incorporate their responses to the above paragraphs as if fully set forth herein.

81. Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 81. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82. The allegations in Paragraph 82 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83. The allegations in Paragraph 83 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84, including all subparts. Answering the allegations in Plaintiffs' prayer for relief, Defendants admit that Plaintiffs purport to bring this action to recover damages on behalf of themselves and members of a putative class. Defendants deny that Plaintiffs' claims have merit, deny that this case is suitable for class treatment, and deny that Plaintiffs or the putative class members are entitled to any relief whatsoever.

## DEFENDANTS' DEFENSES

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims and those of the putative class members are subject to binding appraisal.

### THIRD DEFENSE

Plaintiffs' claims and those of the putative class members are barred by the doctrine of laches and unclean hands.

### FOURTH DEFENSE

The claims alleged in the Second Amended Complaint may not be properly certified or maintained as a class action. Plaintiffs have failed to adequately allege all the elements necessary to establish a valid class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs are not appropriate class representatives because their claims are not common and/or typical of the claims of the other purported class members. Plaintiffs' claims are inappropriate for class treatment because there are no common questions of law or fact, and Plaintiffs cannot adequately represent the interests of the putative class members.

### FIFTH DEFENSE

Plaintiffs' claims and those of the putative class members are barred in whole or in part by the doctrines of waiver, release, and/or estoppel.

### SIXTH DEFENSE

Plaintiffs' claims and those of the putative class members, as well as their requested remedies, are barred by accord and satisfaction.

## SEVENTH DEFENSE

Defendants are entitled to a setoff of any damages owed to Plaintiffs or putative class members to the extent their insurance policies were cancelled with a balance due.

## EIGHTH DEFENSE

To the extent the evidence in this case reveals that Plaintiffs' claims or the claims of putative class members are subject to the doctrines of res judicata, collateral estoppel, claim preclusion or issue preclusion, Defendants assert that such doctrines bar Plaintiffs' and the putative class members' claims in this action.

## NINTH DEFENSE

Plaintiffs and the putative class members lack standing to the extent they were not entitled to payment from Defendants under the terms of the insurance policy.

## TENTH DEFENSE

Plaintiffs and the putative class members lack standing to the extent they are not the real-party-in-interest.

## ELEVENTH DEFENSE

Some or all of Plaintiffs' claims and the putative class members' claims are barred by the applicable provisions of the contracts, policies, and/or agreements at issue in this litigation.

## **JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

***

Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during the proceedings in this case, including defenses that may apply to any unnamed members of the putative class which Plaintiffs seek to represent, and hereby reserve their rights to amend their Answer and Defenses to assert any such defense.

WHEREFORE, Defendants request that judgment be entered in their favor, that the claims asserted in the Second Amended Complaint be dismissed with prejudice, and that the Court grant Defendants other relief as may be just and proper, including, but not limited to, an award of costs.

Respectfully submitted this 5th day of August 2024.

/s/ *Jeffrey S. Cashdan*
Jeffrey S. Cashdan*
jcashdan@kslaw.com
Zachary A. McEntyre*
zmcentyre@kslaw.com
J. Matthew Brigman*
mbrigman@kslaw.com
Allison Hill White*
awhite@kslaw.com
Allexia Bowman Arnold*
aarnold@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree St. NE
Atlanta, Georgia 30309
P: (404) 572-4600
F: (404) 572-5140

Julia C. Barrett*
jbarrett@kslaw.com
**KING & SPALDING LLP**
500 W. 2nd Street
Suite 1800
Austin, Texas 78701
P: (512) 457-2000

Thomas S. Marjerison, Esq.
Bar No. 7836
tmarjerison@nhdlaw.com
**NORMAN, HANSON & DETROY, LLC**
2 Canal Plaza

P.O. Box 4600
Portland, ME 04112
P: (207) 774-7000

*Counsel for Defendants*
\*Admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

I certify that on August 5, 2024, a copy of the foregoing was served via electronic mail on all counsel of record.

John Z. Steed
**ISLAND JUSTICE**
P.O. Box 771
Stonington, ME 04681
Email: john@islandjusticelaw.com

Ronald Ira Frederick
Brian E. Roof
**FREDERICK & BERLER, LLC**
767 East 185th Street
Cleveland, OH 44119
Email: brianr@clevelandconsumerlaw.com
Email: filings@clevelandconsumerlaw.com

Scott C. Borison
**BORISON FIRM, LLC**
5830 E. Second Street #95943
Casper, WY 82609
Email: scott@borisonfirm.com

                                             */s/ Jeffrey S. Cashdan*
                                             Jeffrey S. Cashdan

                                             *Counsel for Defendants*