# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW THURSTON, et al., ) | Docket No. 1:22-cv-00375-NT |
| ) | |
| Plaintiffs, ) | |
| ) | Judge Nancy Torresen |
| v. ) | |
| ) | |
| PROGRESSIVE CASUALTY ) | Magistrate Judge Karen Frink Wolf |
| INSURANCE COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO STRIKE PHILIP KROELL'S AMENDED DECLARATION**

Pursuant to Fed. R. Civ. P. 37(c)(1) and Fed. R. Evid. 602 and 802, Plaintiffs Matthew Thurston, Genevieve McDonald, and Katherine Bridges ("Plaintiffs") respectfully move this Court to strike the Amended Declaration of Philip Kroell ("Declaration") offered in support of Defendants' Response in Opposition to Plaintiffs' Amended Motion for Class Certification.

Mr. Kroell's Declaration is not admissible for the following reasons: (1) it is not based on personal knowledge as to the material facts; (2) it contains inadmissible hearsay and/or hearsay within hearsay; and (3) Defendants failed to list Mr. Kroell as a witness or person who may have discoverable information regarding the case in their Initial Disclosures and responses to interrogatories. Nor have Defendants sought to qualify Mr. Kroell as an expert, which may have allowed him to avoid the basic requirements that he must have personal knowledge or that he can rely on hearsay. His Declaration does not demonstrate he is qualified as an expert. Thus, Mr. Kroell's Declaration is inadmissible, and this Court should strike it.

A memorandum in support of this motion is attached.

1

Respectfully submitted,

/s/*John Z. Steed*
John Z. Steed, Esq. (Bar No. 5399)
Island Justice
P.O. Box 711 / 40 School Street
Stonington, ME 04681
(207) 200-7077
john@islandjusticelaw.com

/s/*Scott C. Borison*
Scott C. Borison (Maryland Bar No. 22596)*
Borison Firm LLC.
1400 S. Charles St.
Baltimore MD 21230
Telephone: (301) 620-1016
scott@borisonfirm.com

/s/*Ronald I. Frederick*
Ronald I. Frederick (Ohio Bar No. 0063609)*
Brian E. Roof (Ohio Bar No. 0071451)*
Frederick & Berler LLC
767 E. 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 609-0750 (fax)
ronf@clevelandconsumerlaw.com
brianr@clevelandconsumerlaw.com

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| MATTHEW THURSTON, et al., ) | Docket No. 1:22-cv-00375-NT |
| ) | |
| Plaintiffs, ) | |
| ) | Judge Nancy Torresen |
| v. ) | |
| ) | |
| PROGRESSIVE CASUALTY ) | Magistrate Judge Karen Frink Wolf |
| INSURANCE COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE PHILIP KROELL'S AMENDED DECLARATION**

## I. INTRODUCTION

Defendants submitted the Amended Declaration of Philip Kroell ("Declaration") in support of Defendants' Response in Opposition to Plaintiffs' Amended Motion for Class Certification ("Current Response"). (Kroell Declaration, filed under seal, Dkt. No. 94-7.)[1] This Court should strike Mr. Kroell's Declaration because: (1) it is not based on personal knowledge; (2) it is infected with hearsay and/or hearsay within hearsay; and (3) Defendants never identified him in their Initial Disclosures as a person they would rely on for their class certification opposition when they were specifically asked that question in interrogatories.

Defendants present a series of hurdles to defend their practice of deducting a Projected Sold Adjustment ("PSA") from the actual cash value they have placed on their insureds' total-loss vehicles, which harmed Plaintiffs and class members. Defendants contend that they do not make the adjustments – they rely on a vendor, Mitchell International, Inc. ("Mitchell"). Mitchell, in turn, states that it relies on another entity, J.D. Power, for raw data to calculate the PSA. The details of the raw

---

[1] Nothing in this Motion reveals any confidential information from Mr. Kroell's Declaration to require it to be filed under seal.

1

data remain a mystery. To explain this mystery raw data and its application to the PSA, Defendants offer Mr. Kroell's Declaration.

Mr. Kroell's Declaration asserts that he has personal knowledge of the matters stated in the Declaration. But he then explains that the basis for his alleged personal knowledge is only "his experience, review of company records maintained in the regular course of Mitchell's business and communications with Mitchell employees and employees and/or representatives of J.D. Power." (*See* Dkt. No. 94-7 at ¶ 1). His Declaration shows that he does not have the personal knowledge necessary to testify as required by Fed. R. Evid. 602. Accordingly, his Declaration is inadmissible.

Even if the Court were to overlook his lack of personal knowledge, Mr. Kroell's statements in the Declaration are based on hearsay and/or hearsay within hearsay (i.e., communications with Mitchell employees and employees/representatives of J.D. Power). Hearsay is inadmissible under Fed. R. Evid. 802. Hearsay within hearsay is inadmissible if it does not meet the requirements of Fed. R. Evid. 805. Neither Mr. Kroell's hearsay nor any hearsay within hearsay qualify as statements that are not hearsay under Fed. R. Evid. 801(d) or any exception as required by Fed. R. Evid. 804. His Declaration is inadmissible.

Finally, this Court also should strike Mr. Kroell's Declaration because Defendants did not disclose him in discovery. Here, Defendants neither identified Mr. Kroell in their Initial Disclosures nor did they list him in their answer to Plaintiffs' interrogatories that specifically ask who the Defendants intended to rely on for their opposition to class certification. And Defendants never identified Mr. Kroell as an expert witness.

To avoid trial by ambush, courts and the Federal Rules of Civil Procedure require parties to list people with discoverable information in their Initial Disclosures. For parties that fail to comply with these requirements, courts, pursuant to Rule 37(c)(1), routinely strike the witness'

affidavit/declaration or preclude the witness from testifying. Such sanctions are appropriate to prevent a trial by ambush. That is exactly what should happen here regarding Mr. Kroell's Declaration.

Defendants in their Initial Disclosures and in response to Plaintiffs' interrogatories failed to identify Mr. Kroell as a witness or person with discoverable information. Instead, they kept Mr. Kroell in hiding until after the close of discovery when they filed their original Response in Opposition to Plaintiffs' Amended Motion for Class Certification and Supporting Memorandum of Law ("Original Response") and with the Declaration in the Current Response. Because of Defendants' conduct, Plaintiffs had no opportunity to depose Mr. Kroell during discovery. This is the quintessential trial by ambush that federal courts and the Federal Rules of Civil Procedure intend to prevent.

This Court should grant Plaintiffs' Motion to Strike Philip Kroell's Amended Declaration.

## II.    RELEVANT FACTS

### A.    Defendants Did Not Disclose Mr. Kroell in Their Initial Disclosures.

In Defendants' Initial Disclosures, they identify a "Representative of Mitchell International, Inc. ('Mitchell'). A representative of Mitchell, after reviewing relevant business records, will have information regarding the platform that Mitchell licenses to Defendant UFCC to assist it in adjusting total loss claims. The representative of Mitchell may be contacted at: Mitchell International, Inc., 6220 Greenwich Drive San Diego, CA 92122." (Defendants' Initial Disclosures, Ex. A.) Even though they knew Mr. Kroell would be the witness, the Defendants never disclosed his name in the Initial Disclosures as required under Rule 26(a)(1)(A)(i).

### B.    Defendants Failed to Identify Mr. Kroell in Response to Several Interrogatories.

Defendants also did not disclose Mr. Kroell in their answers to several interrogatories in which Mr. Kroell's identity was responsive to the interrogatories.

In Plaintiff Matthew Thurston's First Set of Interrogatories, Interrogatory No. 1 states:

> **Identify** all **persons** who are likely to have personal knowledge of any fact alleged in the **Complaint** or your **Answer** to the **Complaint**, and state the subject matter of the personal knowledge possessed by each person.

(Defendant United Financial Casualty Company's Responses to Plaintiff's First of Interrogatories, Ex. B; Defendant Progressive Casualty Insurance Company's Responses to Plaintiff's First Set of Interrogatories, Ex. C, emphasis in the original.) In response, Defendants referenced their Initial Disclosures and identified only Kyle Mayer and Jacob Eckert. (*Id.*) Despite knowing that Mr. Kroell's identity was responsive to Interrogatory No. 1, Defendants did not list him in their Answers.

Further, in Plaintiff Matthew Thurston's Second Set of Interrogatories (as a follow up to Defendants' Initial Disclosure), Interrogatory No. 1 states:

> **Identify** all **persons** at **Mitchell** who communicated with You **concerning** the **PSA, Exhibit A, WorkCenter Total Loss software** or the solicitation, consummation, explanation, or provision of services by **Mitchell**.

(Defendants' Responses to Plaintiff's Second Set of Interrogatories, Ex. D, emphasis in the original.) In their separate Answers, Defendants refused to list anyone, including Mr. Kroell, despite knowing his identity and that they would use him as a witness on the topics in Interrogatory No. 1.

Also, in Plaintiff Genevieve McDonald's First Set of Interrogatories and Requests for Production of Documents and Plaintiff Katherine Bridges' First Set of Interrogatories and Requests for Production of Documents, Interrogatory No. 2 states:

> Identify all Persons who have knowledge of or discoverable information relating to the factual and legal allegations or assertions in the Complaint and this Lawsuit and to the factual and legal allegations, statements, assertions, and defenses in the Answers. For each Person identified, state or identify the specific discoverable information that the Person has.

(Defendants' Answers and Responses to Plaintiff Katherine Bridges' First Set of Interrogatories and Requests for Production of Documents, Ex. E; Defendants' Answers and Responses to Plaintiff Genevieve McDonald's First Set of Interrogatories and Requests for Production of Documents, Ex. F.)

In response to each Interrogatory No. 2, each Defendant identified only Michael Fries or Justin Green. (*Id.*) They did not include Mr. Kroell, even though, based on his Declaration, Defendants should have disclosed him.

The same is true for Defendants' answer to Plaintiffs McDonald and Bridges' Interrogatory No. 3. This interrogatory states:

> Identify all Persons that [Defendants] may, intend[] to, or will call as a fact witness at the trial or any hearing in this Lawsuit, **including without limitation, relating to Your opposition to class certification in this Lawsuit**. For each witness identified, state of identify the subject matters, topics, and issues on which that witness plans to testify.

(*Id.*, emphasis added.)

In their answers to Interrogatory No. 3, Defendants stated: "Defendant will rely on testimony from John Retton in support of their opposition to class certification." (*Id.*) Again, despite knowing they would rely on Mr. Kroell's Declaration, they did not disclose Mr. Kroell.

Defendants attached Mr. Kroell's initial Declaration to their Original Response. (Kroell's Initial Declaration, filed under seal, Dkt. No. 58-1.) But by the filing of the Original Response in Opposition on April 15, 2024, the discovery deadline (February 9, 2024) had passed. Plus, in response to Ms. McDonald and Ms. Bridges' Interrogatory Nos. 2 and 3 (specifically requesting persons relating to Defendants' "opposition to class certification in this Lawsuit."), served and answered by Defendants after Mr. Kroell's initial Declaration was filed with the Original Response, Defendants did not disclose they would use Mr. Kroell to support their Current Response. This led Plaintiffs to believe that Mr. Kroell would not be used again. Moreover, Mr. Kroell's Declaration for the Current Response is significantly different than his initial Declaration, including removal of statements that were in the initial Declaration.

Plaintiffs did not have an opportunity to depose Mr. Kroell because Defendants never disclosed him in their Initial Disclosures and responses to interrogatories. Plaintiffs did not know

5

about Mr. Kroell until after the close of discovery. Defendants only revealed Mr. Kroell through his initial Declaration in their Original Response, filed after February 9, 2024.

III. **LEGAL ANALYSIS AND ARGUMENT**

    A. **Only Admissible Evidence is Proper for Determining Class Certification.**

Mr. Kroell's Declaration is inadmissible. It is not based on his personal knowledge and presents hearsay and/or hearsay within hearsay. Personal knowledge is required by Fed. R. Evid. 602 and hearsay is inadmissible under Fed. R. Evid. 802. This Court should strike The Declaration.

First, Mr. Kroell has offered no evidence to support that he has personal knowledge for the statements in his Declaration.[2] Pursuant to Rule 602, his Declaration should be excluded for lack of personal knowledge.

Second, Mr. Kroell references the records of Mitchell's business for the basis of his Declaration. The records are hearsay because they are out-of-court statements offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c) (defining hearsay). His statement that they are records of Mitchell's business does not establish that they qualify under the business records exception to hearsay. *See* Fed. R. Evid. 803(6). It is an empty statement with no corroborating evidence.

Third, Mr. Kroell refers to "communications" with Mitchell employees and with "employees or representatives" of J.D. Power as additional support for his testimony. He cannot state, however, whether the persons he communicated with are a J.D. Power "employee" or "representative." Mr. Kroell also offers no explanation of what he means by the term "representative."[3]

---

[2] Mr. Kroell also identifies his experience as a basis for his alleged personal knowledge, but he does not explain what he means by that. He does not explain what experience he is referencing and how that supports his testimony. Mr. Kroell's Declaration lacks personal knowledge.

[3] In Paragraph 1, Mr. Kroell references JD Power's employees or representatives, but in Paragraph 5 he changes to "authorized representatives." There is no explanation of the difference.

Any out-of-court statements made by others upon which another witness restates to prove the truth of the matter asserted is hearsay within hearsay. Defendants have not shown that either part of the combined statements meet statements that are not hearsay under Fed. R. Evid. 801(d) or any exception as required by Rule 804 and 805 to be admissible. Because the statements in Mr. Kroell's Declaration are based on inadmissible hearsay and/or hearsay within hearsay, his Declaration is inadmissible and should be struck.

"Evidence offered in connection with a class certification motion must satisfy admissibility requirements." *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 64 (E.D.N.Y. 2012), quoting *Wal-Mart Stores, Inv. v. Dukes*, 564 U.S. 338, 354, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). Mr. Kroell lacks personal knowledge of the statements in his Declaration, and he relies on hearsay for his testimony. Hearsay and statements made without personal knowledge are not admissible evidence. Mr. Kroell's Declaration is inadmissible.

Further, any effort to try to get hearsay in through Mr. Kroell as an expert also fails. Defendants did not identify Mr. Kroell as an expert, and nothing in his Declaration shows he would qualify as an expert under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993). *Daubert* applies to testimony offered as expert testimony at the class certification stage. *Dukes*, 564 U.S. at 354 ("The District Court concluded that Daubert did not apply to expert testimony at the certification stage of class-action proceedings. 222 F.R.D., at 191. We doubt that is so…."). As a lay person, Mr. Kroell's Declaration is inadmissible and should be struck.

### B. Rule 26(a) Requires a Party to Identify by Name Individuals Who Likely Have Discoverable Information.

Rule 26(a)(1)(A)(i) required Defendants to identify individuals by name who are likely to have discoverable information:

> **the name** and, if known, the address and telephone number of **each individual** likely to have discoverable information—along with the subjects of that information—that

the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Mr. Kroell not only has "likely" discoverable information, but based on his Declaration, he has discoverable information. Yet, despite knowing Mr. Kroell's identity, Defendants did not list Mr. Kroell individually.

Instead, Defendants identified a representative of Mitchell. Defendants, however, knew at the time of serving their Initial Disclosures the individuals at Mitchell with whom they dealt, including Mr. Kroell. They also knew that they would use him as a witness. Contrary to the Rule, Defendants, however, failed to include his name in their Initial Disclosures, or any amended Initial Disclosures.

Furthermore, Rule 26(a)(1)(A)(i) does not allow Defendants to identify a generic "representative" of Mitchell. They had to disclose Mr. Kroell (i.e., the "name"), especially since they knew his identity. Defendants failed to comply with Rule 26(a)(1)(A)(i) regarding Mr. Kroell.

### C. Under Rule 37(c)(1), Defendants Cannot Use Mr. Kroell as a Witness.

Rule 37(c)(1) provides that because Defendants did not identify Mr. Kroell in their Initial Disclosures, they cannot use him as a witness:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness to supply evidence on a motion**, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R Civ. P. 37(c)(1) (emphasis added). In addition, the "mere mention of a name in a deposition or interrogatory…is insufficient to satisfy Rule 26(a)(1)(A)(i)." *Am. Steel Erectors v. Loc. Union No. 7, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers*, 815 F.3d 43, 57 (1st Cir. 2016).

Federal district courts in Maine phrase this issue as "whether the 'tardy disclosure will significantly impact … the other party's ability to properly respond to the use of evidence … at trial." *Tourangeau v. Nappi Distribs.,* D. Me. 2:20-cv-00012-JAW, 2023 WL 2164513, *4 (Feb 22, 2023), citing *Alden v. Office Furniture Distribs. of New England*, D. Me. No. 1:10-cv-00316-GZS, 2011 WL 1770948, *3

(May 9, 2011). Further, it is "the obligation of the party that failed to provide adequate discovery 'to show that its failure to comply with the Rule...was harmless and deserving of some lesser sanction other than mandatory exclusion.'" *Id.*

To determine whether the failure to disclose was substantially justified or harmless, courts consider the following factors: (1) the history of the litigation; (2) the need for the evidence; (3) the justification (or lack of one) for the late disclosure; (4) the opposing party's ability to overcome the late disclosure's adverse effects; and (5) the impact of the late disclosure on the court's docket. *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 76-78 (1st Cir. 2009).

First, the history of the litigation favors the sanction of striking Mr. Kroell's Declaration. Plaintiffs filed this lawsuit in October 2022. The discovery deadline was February 9, 2024, and then November 29, 2024, for the limited purposes of Ms. Bridges and Ms. McDonald's claims (Defendants would not allow discovery beyond their claims, which would have precluded deposing Mr. Kroell). Discovery has closed. Motions for summary judgment, *Daubert* motions, and a joint stipulated record are due January 3, 2025. (Dkt. No. 100.) Defendants had many opportunities to disclose Mr. Kroell but did not.

Not only does Rule 26(a) require Defendants to have identified Mr. Kroell, Plaintiffs also repeatedly requested in Interrogatories for Defendants to identify individuals with knowledge of the allegations in the suit and witnesses. (*See* Exs. B-F.) Specifically, Plaintiffs requested Defendants to identify individuals that they may call as a witness to oppose class certification in this case. (Exs. E-F, Interrogatory No. 3.) But Defendants did not list Mr. Kroell in response to any of them. (*Id.*)

Plaintiff Mr. Thurston also requested the identity of Mitchell representatives with whom Defendants communicated regarding, among other topics, the WorkCenter Total Loss software and the PSA, the focus of this lawsuit. (Ex. D, Interrogatory No. 1.) Again, Defendants did not disclose Mr. Kroell. (*Id.*)

9

Second, Plaintiffs needed Mr. Kroell's identity to depose him to counter his Declaration and undermine his credibility. Plaintiffs never got the chance because of Defendants' conduct.

Third, nothing can substantially justify Defendants knowing the identity of Mr. Kroell and that he would be a witness but not disclosing him in their Initial Disclosures or interrogatory answers. Plus, Defendants never supplemented their interrogatory responses with the name of Mr. Kroell as required under Fed. R. Civ. P. 26.

Fourth, Plaintiffs cannot overcome the late disclosure because discovery is closed. Plaintiffs did not have the opportunity to depose Kroell. There is no overcoming Defendants' lack of disclosure.

Finally, the impact of this late disclosure will impact the Court's docket. If Plaintiffs are given the opportunity to depose Mr. Kroell, the Court's docket will be delayed while that takes place.

The failure to disclose Mr. Kroell is neither harmless nor substantially justified. This Court should strike Mr. Kroell's Declaration.

## IV. **CONCLUSION**

Mr. Kroell's Declaration is not admissible evidence. First, Mr. Kroell lacks personal knowledge and instead relies on inadmissible hearsay and/or hearsay within hearsay for his statements. None of the hearsay is excluded under Fed. R. Evid. 801(d), nor does any of the hearsay fall under any hearsay exceptions in Fed. R. Evid. 804.

Second, Defendants did not identify Mr. Kroell in their Initial Disclosures as required by Rule 26(a)(1)(A)(i). They also did not list him in response to several interrogatories, even though his name was responsive to the interrogatories. Further, they never amended or supplemented either of them.

Despite Defendants' conduct, they relied on Mr. Kroell's Declaration to oppose class certification. Yet, because of Defendants' conduct, Plaintiffs never had the opportunity to depose him. Under Rule 37(c)(1), this Court should grant the Motion and strike Mr. Kroell's Declaration.

Respectfully submitted,

/s/ *John Z. Steed*
John Z. Steed, Esq. (Bar No. 5399)
Island Justice
P.O. Box 711 / 40 School Street
Stonington, ME 04681
(207) 200-7077
john@islandjusticelaw.com

/s/ *Scott C. Borison*
Scott C. Borison (MD Bar No. 22596)*
Borison Firm LLC.
1400 S. Charles St.
Baltimore MD 21230
Telephone: (301) 620-1016
scott@borisonfirm.com

/s/ *Ronald I. Frederick*
Ronald I. Frederick (OH Bar No. 0063609)*
Brian E. Roof (OH Bar No. 0071451)*
Frederick & Berler LLC
767 E. 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 609-0750 (fax)
ronf@clevelandconsumerlaw.com
brianr@clevelandconsumerlaw.com

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December 2024 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record for the parties by operation of this Court's CM/ECF electronic filing system. Parties may access this filing through the Court's system.

*/s/ Ronald I. Frederick*
Ronald I. Frederick (OH Bar No. 0063609)*
Frederick & Berler LLC

*One of the attorneys for Plaintiffs*

* Admitted *pro hac vice*