# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW THURSTON, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY,<br><br>Defendants. | Docket No. 1:22-cv-00375-NT |

### DEFENDANT UNITED FINANCIAL CASUALTY COMPANY'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant United Financial Casualty Company ("UFCC" or "Defendant") by and through undersigned counsel, makes the following answers to Plaintiff's First Set of Interrogatories.

### GENERAL STATEMENT

Discovery is ongoing, and Defendant has not completed its investigation of the facts related to this litigation. Defendant answers these Interrogatories based on its present knowledge, the documents and things presently in its possession, and the analysis it has completed to date. Defendant reserves the right to later supplement or amend its answers and objections to these Interrogatories. Defendant also reserves the right to use subsequently discovered information in depositions, at trial, and in support of or opposition to any motion.

By responding to these Interrogatories, Defendant does not concede that the information given is properly discoverable or admissible. Defendant reserves the right to object to further discovery regarding the subject matter of these Interrogatories.

1

**OBJECTIONS TO DEFINITIONS**

1. Defendant objects to each and all of the definitions to the extent they purport to impose obligations greater than those required by the Federal Rules of Civil Procedure.

2. Defendant objects to the definition of "Identify" (with respect to persons) to the extent it purports to require disclosure of the home address or home telephone number of any individual whose knowledge of or relationship to this litigation arises from their current or former employment duties.

3. Defendant objects to the definition of "Identify" (with respect to documents) to the extent it purports to require that Defendant "state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document" because this is broader than the obligations required by the Federal Rules of Civil Procedure. Consistent with the Rules, where applicable, Defendant will respond to the Interrogatories by "produc[ing] documents as they are kept in the usual course of business" and electronically stored information "in [the] form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed R. Civ. P. 34(b)(2)(E)(i)-(iii).

4. Defendant objects to the definition of "Occurrence/Transaction" as overbroad and vague to the extent that the terms seek to include any "events described in the Complaint and other pleadings." Defendant will construe the term "Occurrence" to mean claim adjustment which occurred as part of UFCC Claim No. 22-5056549, related to a 2012 Volvo XC70, VIN: YV4952BL2C1140915, that is the subject of Plaintiff's claims in this case.

5. Defendant objects to the definition of "Identify" (with respect to a communication) to the extent it purports to require that Defendant "state the: (i) the date of the communication; (ii) the parties to the communication; (iii) the form of communication; and (iv) the general subject

matter of the communication" because this is broader than the obligations required by the Federal Rules of Civil Procedure. Consistent with the Rules, where applicable, Defendant will respond to the Interrogatories by "produc[ing] documents as they are kept in the usual course of business" and electronically stored information "in [the] form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed R. Civ. P. 34(b)(2)(E)(i)-(iii).

6. Defendant objects to the instructions associated with the defined phrase "state the facts" to the extent it purports to require Defendant to include in its answer "(i) the identity of any persons with any personal knowledge of the facts stated; (ii) the identity of any documents concerning the facts stated; and (iii) the identity of any communications concerning the facts stated" because this is broader than the obligations required by the Federal Rules of Civil Procedure. Consistent with the Rules, where applicable, Defendant will respond to the Interrogatories by "produc[ing] documents as they are kept in the usual course of business" and electronically stored information "in [the] form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed R. Civ. P. 34(b)(2)(E)(i)-(iii).

7. Defendant objects to the definitions of "You" and "Your" and to the extent they encompass "agents, representatives and attorneys" of UFCC and Defendant Progressive Casualty Insurance Company ("Progressive Casualty") who are not Defendants in this litigation. Defendant will construe these terms to mean only Progressive Casualty and/or UFCC, which are the only Defendants in this litigation.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

**Identify** all **persons** who are likely to have personal knowledge of any fact alleged in the **Complaint** or your **Answer** to the **Complaint**, and state the subject matter of the personal knowledge possessed by each such person. This includes but is not limited to each of your agents whose agent code appears in your account history, and each of your agents who initiated or participated in creating the Valuation Report on **Exhibit A**.

3

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to Interrogatory No. 1 to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant refers Plaintiff to Defendants' Initial Disclosures, served on July 19, 2023, which identify those persons whom Defendants believe may have personal knowledge of the facts alleged in Plaintiff's Complaint or in Defendants' Answer thereto, as well as the basis of their knowledge. Defendant further states that Kyle Mayer was the claims adjuster assigned to Plaintiff's claim, and Jacob Eckert was the Manager Repair Representative ("MRR") assigned to inspect Plaintiff's total loss vehicle and prepare the Mitchell WorkCenter Total Loss Vehicle Valuation Report. In so answering, Defendant does not make any representation as to whether Mr. Mayer or Mr. Eckert have personal knowledge of Plaintiff's claim, or the fact alleged in the Complaint or Answer.

**INTERROGATORY NO. 2:**

**Identify** each and every **person** you consulted (whether an employee, agent or contractor), excluding your attorneys, who provided information used in answering these interrogatories, and for each such person, give a brief description of what information that person provided.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to Interrogatory No. 2 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant states that John Retton participated in preparing the factual responses to these Interrogatories. Mr. Retton is a Claims Director for Progressive Casualty and its affiliates, including UFCC, and in that role, oversaw Progressive's use of WCTL from its implementation until January 1, 2022.

**INTERROGATORY NO. 3:**

For each witness you have retained or specially employed to provide expert testimony in this case, or employed by you whose duties regularly involve giving expert testimony and whom you expect to testify at trial, provide a complete statement of the opinions to be expressed and the basis and reasons therefore.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to Interrogatory No. 3 as premature, as discovery has just commenced, and Defendants are not required to disclose their experts until April 17, 2024.

Subject to and without waiving its objections, Defendant agrees to disclose its experts, as required by Federal Rules of Civil Procedure 26(a)(1)(A), in accordance with the Court's case schedule, *see* Dkt. 34, or any subsequent amendments thereto.

**INTERROGATORY NO. 4:**

State whether you have prepared any reports, memoranda, or other **document** assessing liability in this case.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to Interrogatory No. 4 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work-product doctrine. Defendant further objects to the use of the phrase "other document assessing liability" as vague and overbroad.

Subject to and without waiving its objections, Defendant states that it has not prepared any reports or memoranda assessing liability in this case. Defendant refers Plaintiff to the true and correct copy of the claim file for UFCC Claim No. 22-5056549 that is the subject of Plaintiff's claims in this case, produced contemporaneous with these Answers.

**INTERROGATORY NO. 5:**

State all facts whether you contend that you made any mistakes or errors of any nature in connection with how you determined the total loss amount shown on **Exhibit A** or by including the **PSA** on **Exhibit A**.  If so, **identify,** describe and explain each mistake or error and **identify** each person with knowledge of any facts, and **identify** any **documents, concerning** each error or mistake you identify.

5

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to Interrogatory No. 5 because the phrase "mistakes or errors of any nature" is vague. Defendant further objects to the use of the word "determined." Total loss amounts are estimates and those estimates are likely to vary depending on the methodology used or the individual responsible for the valuation.

Subject to and without waiving its objections, Defendant answers that, to its knowledge, Defendant did not make any mistakes or errors in connection with estimating the value of Plaintiff's total loss vehicle.

**INTERROGATORY NO. 6:**

State all facts concerning whether the inclusion of a PSA on a Valuation Report (such as Exhibit A) is unique to the **Plaintiff** or have included a **PSA** on Valuation Reports sent to anyone else insured by you with an address in the State of Maine and if so state the number of people with an address in the State of Maine that a Valuation Report that included a PSA was sent in the last 6 years preceding the filing of the **Complaint**. Your answer should **identify** each person with knowledge of any facts, and **identify** any **documents concerning** the way in which the inclusion of the PSA was unique to the **plaintiff**.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to Interrogatory No. 6 because, as evidenced by Request for Production No. 13, a request for production is the more practical method of obtaining the requested information. Defendant objects to Interrogatory No. 6 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all facts" concerning whether the PSA "is unique to the Plaintiff[.]" While the PSA may have applied to certain comparable vehicles during the putative class period, a search for such documents would necessarily involve a file-by-file review of each total-loss claim file during the putative class period to determine which reports did and did not include a PSA. Defendant objects to Interrogatory No. 6 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information related to total-loss claims made on policies issued by any entity other than UFCC, which is the entity that

6

issued the policy under which Plaintiff's total-loss claim was made. Defendant objects to Interrogatory No. 6 to the extent it includes any third-party claims made to Progressive Casualty or UFCC, as the putative class includes first-party claims only. Finally, Defendant objects to Interrogatory No. 6 as duplicative of Interrogatory No. 2.

Subject to and without waiving its objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendant answers by referring Plaintiff to UFCC's Response to Plaintiff's Request for Production No. 13 (subject to the objections stated therein), which will allow Plaintiff to ascertain the relevant information responsive to this Interrogatory.

**INTERROGATORY NO. 7:**

If you have knowledge of any person carrying on an insurance business that might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse the payments made to satisfy the judgment, **identify** that person and state the applicable policy limits of any insurance agreement under which the person might be liable.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to Interrogatory No. 7 because, as evidenced by Request for Production No. 5, a request for production is the more practical method of obtaining the requested information.

Subject to and without waiving its objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendant answers by referring Plaintiff to UFCC's Response to Plaintiff's Request for Production No. 5 (subject to the objections stated therein), which will allow Plaintiff to ascertain the relevant information responsive to this Interrogatory.

**INTERROGATORY NO. 8:**

State any direct or indirect role you had or have in the creation, formation, capitalization or management of any other Defendant in this Action. If there is any document that relates to your direct or indirect role, please **identify** the **document.**

**RESPONSE TO INTERROGATORY NO. 8:**

Subject to and without waiving its objections, Defendant refers Plaintiff to Defendants' Corporate Disclosures, *see* Dkt. 6, which provides that UFCC is wholly owned by Progressive Direct Holdings, Inc., which is wholly owned by The Progressive Corporation; and that Progressive Casualty is wholly owned by Progressive Agency Holdings, Inc., which is also wholly owned by The Progressive Corporation. Pursuant to Federal Rule of Civil Procedure 33(d), Defendant also answers by referring Plaintiff to the underwriting file produced as part of the claim file for UFCC Claim No. 22-5056549 that is the subject of Plaintiff's claims in this case, which demonstrates that the underwriting entity of Plaintiff's policy is UFCC.

**INTERROGATORY NO. 9:**

If you had identified any direct or indirect role in the creation, formation, capitalization or management of any other Defendant in this action, state each and every reason you acted in that role. In other words, what benefit, if any, did you expect, receive or anticipate for acting in that role. If there is **document** that relates to your direct or indirect role in the creation, formation, capitalization or management of any other Defendant in this action, please identify the document.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to Interrogatory No. 9 as irrelevant. This case concerns the propriety of applying a projected sold adjustment, which is one component of Mitchell's WorkCenter Total Loss valuation methodology. The information sought by this Interrogatory (i.e. the "benefit" Defendant "expect[ed], receive[d] or anticipate[d]" arising from a corporate relationship) is not relevant to any claim or defense in this lawsuit. Defendant further objects to Interrogatory No. 9 to the extent is duplicative of Interrogatory No. 8.

Subject to and without waiving its objections, Defendant refers Plaintiff to its answer and objections to Interrogatory No. 8.

**INTERROGATORY NO. 10:**

**State all facts concerning** how **Exhibit A** was prepared and **identify** each person with knowledge of any facts **concerning** the preparation of **Exhibit A**, and **identify** any **documents concerning** the preparation of **Exhibit A**.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving its objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendant will produce non-privileged documents concerning UFCC's general claims-handling policies and procedures for evaluating, documenting, and adjusting total-loss automobile claims in Maine, and valuation-specific policies and procedures that relate to the projected sold adjustment used in Mitchell's valuation reports in Maine, which applied to Plaintiff's claim. Defendant will also produce a true and correct copy of the claim file for UFCC Claim No. 22-5056549 that is the subject of Plaintiff's claims in this case, and includes all documents concerning the preparation of Exhibit A. Defendant further states that Kyle Mayer was the claims adjuster assigned to Plaintiff's claim, and Jacob Eckert was the Manager Repair Representative ("MRR") assigned to inspect Plaintiff's total loss vehicle and prepare the Mitchell valuation report. In so answering, Defendant does not make any representation as to whether Mr. Mayer or Mr. Eckert have personal knowledge of facts concerning the preparation of Exhibit A, Plaintiff's Mitchell WorkCenter Total Loss Vehicle Valuation Report.

**INTERROGATORY NO. 11:**

**State the facts concerning** formula or methodology used to determine or calculate the **PSA** on **Exhibit A** and state if the same formula or methodology used to determine or calculate the **PSA** was used for any **PSA** deductions included in any Valuation Report sent to anyone else insured by you with an address in the State of Maine.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to Interrogatory No. 11 to the extent is seeks information that is not in UFCC' possession, custody or control. Defendant further objects to Interrogatory No. 11 to the

9

extent that it seeks information protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Based on its objections, pursuant to Federal Rule of Civil Procedure 33(d), UFCC will produce non-privileged documents concerning UFCC's general claims-handling policies and procedures for evaluating, documenting, and adjusting total-loss automobile claims in Maine, and valuation-specific policies and procedures that relate to the projected sold adjustment used in Mitchell's valuation reports in Maine.

**INTERROGATORY NO. 12:**

**Identify** any **documents you** rely on for any denial, qualified response, defense or affirmative defense to the **Complaint** or any discovery request.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to Interrogatory No. 12 because, as evidenced by Requests for Production Nos. 1 and 10, a request for production is the more practical method of obtaining the requested information. Defendant also objects to Interrogatory No. 12 as premature, since discovery is ongoing, and UFCC has not completed its investigation of the facts related to this case. Defendants asserted certain affirmative defenses on information and belief in order to preserve the defenses should discovery and investigation reveal circumstances supporting the affirmative defense.

Subject to and without waiving its objections, Defendant refers Plaintiff to its Responses to Requests for Production Nos. 1 and 10, and agrees, pursuant to Federal Rule of Civil Procedure 33(d), to produce non-privileged documents concerning its affirmative defenses and discovery requests as they are discovered or as they become available to UFCC.

**INTERROGATORY NO. 13:**

**State the facts concerning** any **communications** between **you** and **Mitchell concerning** the **PSA,** any marketing or sales **documents** from **Mitchell** to **You** and any agreement between

**You** and **Mitchell concerning** their services to provide any valuation services concerning **Plaintiff** or any other person with an address in the State of Maine.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to Interrogatory No. 13 because the phrase "marketing or sales documents" is overbroad, unduly burdensome, and disproportionate to the needs of this case as it would necessarily encompass documents that are irrelevant to any claim or defense in this lawsuit. Mitchell provides numerous services that do not relate to total-loss claims, claims in Maine, or the WorkCenter Total Loss software. This case is about the appropriateness of applying a projected sold adjustment in estimating the value of total-loss automobiles in Maine. Any documents concerning Mitchell's marketing or sales of services other than the WorkCenter Total Loss valuation reports, or that have nothing to do with the validity, accuracy, or propriety of the projected sold adjustment, are not relevant to Plaintiff's claims. Defendant further objects to Interrogatory No. 13 as overbroad, unduly burdensome, and disproportionate to the needs of this case because the only potentially relevant information it seeks—marketing documents provided to UFCC by Mitchell that relate to the projected sold adjustment—pre-dates the putative class period.

Subject to and without waiving its objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendant will conduct a reasonable search for and produce marketing materials concerning the WorkCenter Total Loss valuation software provided by Mitchell to UFCC.

DATED: September 27, 2023.

                                                                                                                 Respectfully submitted,

                                                                                                                 */s/ Matthew Brigman*
                                                                                                                 Thomas S. Marjerison, Esq.
                                                                                                                 Bar No. 7836
                                                                                                                 tmarjerison@nhdlaw.com
                                                                                                                 NORMAN, HANSON & DETROY, LLC
                                                                                                                 2 Canal Plaza
                                                                                                                 P.O. Box 4600
                                                                                                                 Portland, ME 04112

P: (207) 774-7000

Jeffrey S. Cashdan\*
jcashdan@kslaw.com
Zachary A. McEntyre\*
zmcentyre@kslaw.com
J. Matthew Brigman\*
mbrigman@kslaw.com
Allison Hill White\*
awhite@kslaw.com
KING & SPALDING LLP
1180 Peachtree St. NE
Atlanta, Georgia 30309
P: (404) 572-4600
F: (404) 572-5140

Julia C. Barrett\*
jbarrett@kslaw.com
KING & SPALDING LLP
500 W. 2nd Street
Suite 1800
Austin, Texas 78701
P: (512) 457-2000
F: (512) 457-2100

*Counsel for Defendants*
\*Admitted *pro hac vice*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW THURSTON, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY,<br><br>Defendants. | Docket No. 1:22-cv-00375-NT |

### VERIFICATION TO DEFENDANT UNITED FINANCIAL CASUALTY COMPANY'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

I declare under penalty of perjury that the foregoing interrogatories are true and correct to the best of my knowledge, information, and belief.

Executed on: September 28, 2023.


*/s/ John Retton*
John Retton

1

2

## CERTIFICATE OF SERVICE

I certify that on October 11, 2023, a copy of the foregoing was served via electronic mail on all counsel of record.

John Z. Steed
**ISLAND JUSTICE**
P.O. Box 771
Stonington, ME 04681
Email: john@islandlaw.com

Ronald Ira Frederick
**FREDERICK & BERLER, LLC**
767 East 185th Street
Cleveland, OH 44119
Email: filings@clevelandconsmerlaw.com

Scott C. Borison
**BORISON FIRM, LLC**
5830 E. Second Street #95943
Casper, WY 82609
Email: scott@borisonfirm.com

                                                */s/ Allison Hill White*
                                                Allison Hill White

                                                *Counsel for Defendants*

2