# EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

MATTHEW THURSTON, individually and
on behalf of others similarly situated,

      Plaintiff,

v.

PROGRESSIVE CASUALTY INSURANCE
COMPANY and UNITED FINANCIAL
CASUALTY COMPANY,

      Defendants.

Docket No. 1:22-cv-00375-NT

## DEFENDANT UNITED FINANCIAL CASUALTY COMPANY'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant United Financial Casualty Company ("UFCC" or "Defendant") by and through undersigned counsel, makes the following answers to Plaintiff's Second Set of Interrogatories.

## GENERAL STATEMENT

Discovery is ongoing, and Defendant has not completed its investigation of the facts related to this litigation. Defendant answers these Interrogatories based on its present knowledge, the documents and things presently in its possession, and the analysis it has completed to date. Defendant reserves the right to later supplement or amend its answers and objections to these Interrogatories. Defendant also reserves the right to use subsequently discovered information in depositions, at trial, and in support of or opposition to any motion.

By responding to these Interrogatories, Defendant does not concede that the information given is properly discoverable or admissible. Defendant reserves the right to object to further discovery regarding the subject matter of these Interrogatories.

1

## OBJECTIONS TO DEFINITIONS

1.    Defendant objects to each and all of the definitions to the extent they purport to impose obligations greater than those required by the Federal Rules of Civil Procedure.

2.    Defendant objects to the definition of "Identify" (with respect to persons) to the extent it purports to require disclosure of the home address or home telephone number of any individual whose knowledge of or relationship to this litigation arises from their current or former employment duties.

3.    Defendant objects to the definition of "Identify" (with respect to documents) to the extent it purports to require that Defendant "state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document" because this is broader than the obligations required by the Federal Rules of Civil Procedure. Consistent with the Rules, where applicable, Defendant will respond to the Interrogatories by "produc[ing] documents as they are kept in the usual course of business" and electronically stored information "in [the] form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed R. Civ. P. 34(b)(2)(E)(i)-(iii).

4.    Defendant objects to the definition of "Occurrence/Transaction" as overbroad and vague to the extent that the terms seek to include any "events described in the Complaint and other pleadings." Defendant will construe the term "Occurrence" to mean claim adjustment which occurred as part of UFCC Claim No. 22-5056549, related to a 2012 Volvo XC70, VIN: YV4952BL2C1140915, that is the subject of Plaintiff's claims in this case.

5.    Defendant objects to the definition of "Identify" (with respect to a communication) to the extent it purports to require that Defendant "state the: (i) the date of the communication; (ii) the parties to the communication; (iii) the form of communication; and (iv) the general subject

matter of the communication" because this is broader than the obligations required by the Federal Rules of Civil Procedure. Consistent with the Rules, where applicable, Defendant will respond to the Interrogatories by "produc[ing] documents as they are kept in the usual course of business" and electronically stored information "in [the] form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed R. Civ. P. 34(b)(2)(E)(i)-(iii).

6.      Defendant objects to the instructions associated with the defined phrase "state the facts" to the extent it purports to require Defendant to include in its answer "(i) the identity of any persons with any personal knowledge of the facts stated; (ii) the identity of any documents concerning the facts stated; and (iii) the identity of any communications concerning the facts stated" because this is broader than the obligations required by the Federal Rules of Civil Procedure. Consistent with the Rules, where applicable, Defendant will respond to the Interrogatories by "produc[ing] documents as they are kept in the usual course of business" and electronically stored information "in [the] form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed R. Civ. P. 34(b)(2)(E)(i)-(iii).

7.      Defendant objects to the definitions of "You" and "Your" to the extent they encompass "agents, representatives and attorneys" of any entity other than UFCC. Defendant will construe these terms to mean only UFCC.

### RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

**Identify** all **persons** at **Mitchell** who communicated with You **concerning** the **PSA**, **Exhibit A, WorkCenter Total Loss software** or the solicitation, consummation, explanation, or provision of services by **Mitchell**.

### RESPONSE TO INTERROGATORY NO. 1:

UFCC objects to Interrogatory No. 1 because the phrases "concerning the PSA"; "concerning . . . WorkCenter Total Loss Software"; and "concerning . . . solicitation,

consummation, explanation, or provision of services by Mitchell" are vague, overbroad, unduly burdensome, and disproportionate to the needs of this case as they would necessarily encompass information that is irrelevant to any claim or defense in this lawsuit. UFCC further objects to Interrogatory No. 1 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of communications with any representative of or "persons at" Mitchell related to third-party claims or claims outside of the state of Maine. Finally, UFCC objects to Interrogatory No. 1 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of communications with any representative of or "persons at" Mitchell related to claims other than Plaintiff's.

Subject to and without waiving its objections, UFCC answers that WorkCenter Total Loss is a software program that generates valuation reports, often without the need to communicate with a representative of or "persons at" Mitchell. UFCC did not communicate with any representative of or "persons at" Mitchell with respect to Plaintiff's claim. To the extent that Interrogatory No. 1 is meant to ask about any and all Mitchell employees who ever communicated with any employee of UFCC or its affiliates regarding the provision of valuation services by Mitchell, UFCC maintains its objection that Interrogatory No. 1 is overbroad, unduly burdensome, and disproportionate with the needs of discovery in this case. The sole issue in this case is whether UFCC handled Plaintiff's total loss claim in a fair, prompt, and equitable manner by offering a settlement equivalent to the ACV of Plaintiff's loss vehicle. Communications between Mitchell and UFCC unrelated to Plaintiff's claim have no bearing on that question.

**INTERROGATORY NO. 2:**

**Identify** each and every **person** you consulted (whether an employee, agent or contractor), **concerning** the **PSA, Exhibit A, WorkCenter Total Loss software** or solicitation, consummation, explanation, or provision of services by **Mitchell**.

**RESPONSE TO INTERROGATORY NO. 2**:

UFCC objects to Interrogatory No. 2 because the term "consulted" and phrases "concerning the PSA"; "concerning . . . WorkCenter Total Loss Software"; and "concerning . . . solicitation, consummation, explanation, or provision of services by Mitchell" are vague, overbroad, unduly burdensome, and disproportionate to the needs of this case as they would necessarily encompass information that is irrelevant to any claim or defense in this lawsuit. Specifically, UFCC objects to Interrogatory No. 2 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of each and every employee of UFCC or its affiliates who has at some point been involved in the use of WorkCenter Total Loss, or other services provided by Mitchell. The sole issue in this case is whether UFCC handled Plaintiff's total loss claim in a fair, prompt, and equitable manner by offering a settlement equivalent to the ACV of Plaintiff's vehicle. The identity of every employee of UFCC or its affiliates who has been consulted regarding Mitchell-provided services has no bearing on that question. To the extent that Interrogatory No. 2 seeks identification of each and every representative of Mitchell who has at some point been involved in UFCC's use of WorkCenter Total Loss, UFCC incorporates its answer and objections to Interrogatory No. 1. Finally, to the extent that Interrogatory No. 2 seeks identification of legal counsel consulted, UFCC objects that Interrogatory No. 2 seeks privileged information.

Subject to and without waiving its objections, UFCC states that WorkCenter Total Loss is a software program that generates valuation reports, often without the need to communicate with or consult third parties, including representatives of Mitchell. UFCC states it did not consult with any person regarding its initial assessment of Plaintiff's claim or valuation of his vehicle using WorkCenter Total Loss. Following Plaintiff's rejection of UFCC's settlement offer, UFCC consulted an independent appraiser, Paul Walker, regarding the valuation of Plaintiff's loss

vehicle. UFCC further states that it is has not retained any third-party for consulting services relating to its use of WorkCenter Total Loss in the state of Maine.

**INTERROGATORY NO. 3:**

**Identify** any **documents concerning** the **PSA, Exhibit A, WorkCenter Total Loss software** or solicitation, consummation, explanation, or provision of services by **Mitchell**.

**RESPONSE TO INTERROGATORY NO. 3:**

UFCC objects to Interrogatory No. 3 because the phrases "concerning the PSA"; "concerning . . . WorkCenter Total Loss Software"; and "concerning . . . solicitation, consummation, explanation, or provision of services by Mitchell" are vague, overbroad, unduly burdensome, and disproportionate to the needs of this case as they would necessarily encompass information that is irrelevant to any claim or defense in this lawsuit. UFCC objects to Interrogatory No. 3 to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine. UFCC objects to Interrogatory No. 3 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of documents related to third-party claims or claims outside of the state of Maine. UFCC objects to Interrogatory No. 3 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of documents related to claims other than Plaintiff's. Finally, UFCC objects to Interrogatory No. 3 to the extent it is duplicative of Interrogatory No. 10 (from Plaintiff's First Interrogatories to Defendant UFCC) which asked UFCC to "identify any documents concerning the preparation of Exhibit A."

Subject to and without waiving its objections, UFCC refers Plaintiff to its answer and objections Interrogatory No. 10 (from Plaintiff's First Interrogatories to Defendant UFCC). UFCC has already produced a true and correct copy of the claim file for UFCC Claim No. 22-5056549 that is the subject of Plaintiff's claims in this case, which includes all documents concerning the

preparation of Exhibit A. UFCC also refers Plaintiff to its answer and objections to Interrogatory No. 13 (from Plaintiff's First Interrogatories to Defendant UFCC) wherein UFCC agreed to "conduct a reasonable search for and produce marketing materials concerning the WorkCenter Total Loss valuation software provided by Mitchell to UFCC." These documents concern the WorkCenter Total Loss software and were produced at PGR_THURSTON_0000959 – PGR_THURSTON_0001191.

## INTERROGATORY NO. 4:

In reference to the electronic spreadsheet file you produced, with the file name PGR_THURSTON_0000957_CONFIDENTIAL, which lists some 6195 vehicles: please **identify** each vehicle for which a **PSA** was used to calculate the amount of the total loss.

## RESPONSE TO INTERROGATORY NO. 4:

UFCC objects to Interrogatory No. 4 as overbroad, unduly burdensome, and disproportionate to the needs of the case since determining whether any given claim was settled on a report that includes a PSA requires a manual, time-consuming review of the claim file for every total-loss claim. While a PSA may have applied to certain comparable vehicles during the putative class period, a search for such documents would necessarily involve a file-by-file review of each total-loss claim file during the putative class period to determine which claims referenced in PGR_THURSTON_0000957_CONFIDENTIAL (and PGR_THURSTON_0001192 _CONFIDENTIAL) included a PSA.

## INTERROGATORY NO. 5:

In reference to the electronic spreadsheet file you produced, with the file name PGR_THURSTON_0000957_CONFIDENTIAL, which lists some 6195 vehicles: please **identify** each vehicle for which the person who was paid a total loss resided in Maine or had claims that were paid to a Maine address.

7

**<u>RESPONSE TO INTERROGATORY NO. 5</u>:**

UFCC objects to Interrogatory No. 5 as overbroad, unduly burdensome, and disproportionate to the needs of the case since determining "the person who was paid" requires a manual, time-consuming review of the claim file for every total-loss claim referenced in PGR_THURSTON_0000957_CONFIDENTIAL (and PGR_THURSTON_0001192 _CONFIDENTIAL).

Subject to and without waiving its objections, UFCC answers that the claims referenced in PGR_THURSTON_0000957_CONFIDENTIAL (and PGR_THURSTON_0001192 _CONFIDENTIAL) are limited to those where the named insured maintained an address in Maine associated with his or her policy at the time of the loss. In so answering, UFCC does not state that the named insured was the person or entity paid for the total loss. UFCC further answers that if the person or entity paid for the total loss was not the named insured, then UFCC may not have any information regarding that person's or entity's residence or address.

DATED: January 5, 2024.

*/s/ J. Matthew Brigman*

Thomas S. Marjerison, Esq.
Bar No. 7836
tmarjerison@nhdlaw.com
**NORMAN, HANSON & DeTROY, LLC**
2 Canal Plaza
P.O. Box 4600
Portland, ME 04112
P: (207) 774-7000

Jeffrey S. Cashdan*
jcashdan@kslaw.com
Zachary A. McEntyre*
zmcentyre@kslaw.com
J. Matthew Brigman*
mbrigman@kslaw.com
Allison Hill White*
awhite@kslaw.com

**KING & SPALDING LLP**
1180 Peachtree St. NE
Atlanta, Georgia 30309
P: (404) 572-4600
F: (404) 572-5140

Julia C. Barrett*
jbarrett@kslaw.com
**KING & SPALDING LLP**
500 W. 2nd Street
Suite 1800
Austin, Texas 78701
P: (512) 457-2000
F: (512) 457-2100

*Counsel for Defendants*
*Admitted *pro hac vice*

## **VERIFICATION**

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing **DEFENDANT UNITED FINANCIAL CASUALTY COMPANY'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** are true and correct to the best of my knowledge, information, and belief.

Executed on this 5th day of January, 2024.

*s/  John Retton*

By: John Retton

## CERTIFICATE OF SERVICE

I certify that on January 5, 2024, a copy of the foregoing was served via electronic mail on all counsel of record.

John Z. Steed
**ISLAND JUSTICE**
P.O. Box 771
Stonington, ME 04681
Email: john@islandlaw.com

Ronald Ira Frederick
**FREDERICK & BERLER, LLC**
767 East 185th Street
Cleveland, OH 44119
Email: filings@clevelandconsmerlaw.com

Scott C. Borison
**BORISON FIRM, LLC**
5830 E. Second Street #95943
Casper, WY 82609
Email: scott@borisonfirm.com


*/s/ J. Matthew Brigman*
J. Matthew Brigman

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| MATTHEW THURSTON, individually and on behalf of others similarly situated, | |
| Plaintiff, | |
| v. | Docket No. 1:22-cv-00375-NT |
| PROGRESSIVE CASUALTY INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY, | |
| Defendants. | |

**DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY'S
RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Progressive Casualty Insurance Company ("Progressive Casualty" or "Defendant") by and through undersigned counsel, makes the following answers to Plaintiff's Second Set of Interrogatories.

**GENERAL STATEMENT**

Discovery is ongoing, and Defendant has not completed its investigation of the facts related to this litigation. Defendant answers these Interrogatories based on its present knowledge, the documents and things presently in its possession, and the analysis it has completed to date. Defendant reserves the right to later supplement or amend its answers and objections to these Interrogatories. Defendant also reserves the right to use subsequently discovered information in depositions, at trial, and in support of or opposition to any motion.

By responding to these Interrogatories, Defendant does not concede that the information given is properly discoverable or admissible. Defendant reserves the right to object to further discovery regarding the subject matter of these Interrogatories.

## OBJECTIONS TO DEFINITIONS

1.      Defendant objects to each and all of the definitions to the extent they purport to impose obligations greater than those required by the Federal Rules of Civil Procedure.

2.      Defendant objects to the definition of "Identify" (with respect to persons) to the extent it purports to require disclosure of the home address or home telephone number of any individual whose knowledge of or relationship to this litigation arises from their current or former employment duties.

3.      Defendant objects to the definition of "Identify" (with respect to documents) to the extent it purports to require that Defendant "state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document" because this is broader than the obligations required by the Federal Rules of Civil Procedure. Consistent with the Rules, where applicable, Defendant will respond to the Interrogatories by "produc[ing] documents as they are kept in the usual course of business" and electronically stored information "in [the] form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed R. Civ. P. 34(b)(2)(E)(i)-(iii).

4.      Defendant objects to the definition of "Occurrence/Transaction" as overbroad and vague to the extent that the terms seek to include any "events described in the Complaint and other pleadings." Defendant will construe the term "Occurrence" to mean claim adjustment which occurred as part of Defendant United Financial Casualty Company ("UFCC") Claim No. 22-5056549, related to a 2012 Volvo XC70, VIN: YV4952BL2C1140915, that is the subject of Plaintiff's claims in this case.

5.      Defendant objects to the definition of "Identify" (with respect to a communication) to the extent it purports to require that Defendant "state the: (i) the date of the communication;

(ii) the parties to the communication; (iii) the form of communication; and (iv) the general subject matter of the communication" because this is broader than the obligations required by the Federal Rules of Civil Procedure. Consistent with the Rules, where applicable, Defendant will respond to the Interrogatories by "produc[ing] documents as they are kept in the usual course of business" and electronically stored information "in [the] form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed R. Civ. P. 34(b)(2)(E)(i)-(iii).

6.      Defendant objects to the instructions associated with the defined phrase "state the facts" to the extent it purports to require Defendant to include in its answer "(i) the identity of any persons with any personal knowledge of the facts stated; (ii) the identity of any documents concerning the facts stated; and (iii) the identity of any communications concerning the facts stated" because this is broader than the obligations required by the Federal Rules of Civil Procedure. Consistent with the Rules, where applicable, Defendant will respond to the Interrogatories by "produc[ing] documents as they are kept in the usual course of business" and electronically stored information "in [the] form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed R. Civ. P. 34(b)(2)(E)(i)-(iii).

7.      Defendant objects to the definitions of "You" and "Your" to the extent they encompass "agents, representatives and attorneys" of any entity other than Progressive Casualty. Defendant will construe these terms to mean only Progressive Casualty.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

**Identify** all **persons** at **Mitchell** who communicated with You **concerning** the **PSA**, **Exhibit A, WorkCenter Total Loss software** or the solicitation, consummation, explanation, or provision of services by **Mitchell**.

## RESPONSE TO INTERROGATORY NO. 1:

Progressive Casualty objects to Interrogatory No. 1 because the phrases "concerning the PSA"; "concerning . . . WorkCenter Total Loss Software"; and "concerning . . . solicitation, consummation, explanation, or provision of services by Mitchell" are vague, overbroad, unduly burdensome, and disproportionate to the needs of this case as they would necessarily encompass information that is irrelevant to any claim or defense in this lawsuit. Progressive Casualty further objects to Interrogatory No. 1 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of communications with any representative of or "person(s) at" Mitchell related to any entity other than UFCC, which is the entity that issued the policy under which Plaintiff's total-loss claim was made. Progressive Casualty objects to Interrogatory No. 1 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of communications with any representative of or "persons at" Mitchell related to third-party claims or claims outside of the state of Maine. Finally, Progressive Casualty objects to Interrogatory No. 1 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of communications with any representative of or "persons at" Mitchell related to claims other than Plaintiff's.

Subject to and without waiving its objections, Progressive Casualty answers that it did not participate in the settlement of Plaintiff's claim with Defendant UFCC. Progressive Casualty further answers that WorkCenter Total Loss is a software program that generates valuation reports, often without the need to communicate with a representative of or "persons at" Mitchell. Progressive Casualty did not communicate with any representative of or "persons at" Mitchell with respect to Plaintiff's claim. To the extent that Interrogatory No. 1 is meant to ask about any and all Mitchell employees who ever communicated with any employee of Progressive Casualty or its affiliates regarding the provision of valuation services by Mitchell, Progressive Casualty maintains

its objection that Interrogatory No. 1 is overbroad, unduly burdensome, and disproportionate with the needs of discovery in this case. The sole issue in this case is whether UFCC handled Plaintiff's total loss claim in a fair, prompt, and equitable manner by offering a settlement equivalent to the ACV of Plaintiff's loss vehicle. Communications between Mitchell and Progressive Casualty unrelated to Plaintiff's claim have no bearing on that question.

**INTERROGATORY NO. 2:**

**Identify** each and every **person** you consulted (whether an employee, agent or contractor), **concerning** the **PSA, Exhibit A, WorkCenter Total Loss software** or solicitation, consummation, explanation, or provision of services by **Mitchell**.

**RESPONSE TO INTERROGATORY NO. 2:**

Progressive Casualty objects to Interrogatory No. 2 because the term "consulted" and phrases "concerning the PSA"; "concerning . . . WorkCenter Total Loss Software"; and "concerning . . . solicitation, consummation, explanation, or provision of services by Mitchell" are vague, overbroad, unduly burdensome, and disproportionate to the needs of this case as they would necessarily encompass information that is irrelevant to any claim or defense in this lawsuit. Specifically, Progressive Casualty objects to Interrogatory No. 2 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of each and every employee of Progressive Casualty or its affiliates who has at some point been involved in the use of WorkCenter Total Loss, or other services provided by Mitchell. The sole issue in this case is whether UFCC handled Plaintiff's total loss claim in a fair, prompt, and equitable manner by offering a settlement equivalent to the ACV of Plaintiff's vehicle. The identity of every employee of Progressive Casualty or its affiliates who has been consulted regarding Mitchell-provided services has no bearing on that question. To the extent that Interrogatory No. 2 seeks identification of each and every representative of Mitchell who has at some point been involved in Progressive Casualty's use of WorkCenter Total Loss, Progressive Casualty

incorporates its answer and objections to Interrogatory No. 1. Finally, to the extent that Interrogatory No. 2 seeks identification of legal counsel consulted, Progressive Casualty objects that Interrogatory No. 2 seeks privileged information.

Subject to and without waiving its objections, Progressive Casualty answers that it did not participate in the settlement of Plaintiff's claim with Defendant UFCC. Progressive Casualty further states that WorkCenter Total Loss is a software program that generates valuation reports, often without the need to communicate with or consult third parties, including representatives of Mitchell. Progressive Casualty states it did not consult with any person regarding UFCC's initial assessment of Plaintiff's claim or valuation of his vehicle using WorkCenter Total Loss. Progressive Casualty states that it is has not retained any third-party for consulting services relating to its use of WorkCenter Total Loss in the state of Maine.

**INTERROGATORY NO. 3:**

**Identify** any **documents concerning** the **PSA, Exhibit A, WorkCenter Total Loss software** or solicitation, consummation, explanation, or provision of services by **Mitchell**.

**RESPONSE TO INTERROGATORY NO. 3:**

Progressive Casualty objects to Interrogatory No. 3 because the phrases "concerning the PSA"; "concerning . . . WorkCenter Total Loss Software"; and "concerning . . . solicitation, consummation, explanation, or provision of services by Mitchell" are vague, overbroad, unduly burdensome, and disproportionate to the needs of this case as they would necessarily encompass information that is irrelevant to any claim or defense in this lawsuit. Progressive Casualty objects to Interrogatory No. 3 to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine. Progressive Casualty further objects to Interrogatory No. 3 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of documents related to any entity other

than UFCC, which is the entity that issued the policy under which Plaintiff's total-loss claim was made. Progressive Casualty objects to Interrogatory No. 3 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of documents related to third-party claims or claims outside of the state of Maine. Progressive Casualty objects to Interrogatory No. 3 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of documents related to claims other than Plaintiff's. Finally, Progressive Casualty objects to Interrogatory No. 3 to the extent it is duplicative of Interrogatory No. 10 (from Plaintiff's First Interrogatories to Defendant Progressive Casualty) which asked Progressive Casualty to "identify any documents concerning the preparation of Exhibit A."

Subject to and without waiving its objections, Progressive Casualty answers that it did not participate in the settlement of Plaintiff's claim with Defendant UFCC. Progressive Casualty refers Plaintiff to its answer and objections Interrogatory No. 10 (from Plaintiff's First Interrogatories to Defendant Progressive Casualty). UFCC has already produced a true and correct copy of the claim file for UFCC Claim No. 22-5056549 that is the subject of Plaintiff's claims in this case, which includes all documents concerning the preparation of Exhibit A. Progressive Casualty also refers Plaintiff to its answer and objections to Interrogatory No. 13 (from Plaintiff's First Interrogatories to Defendant Progressive Casualty) wherein Progressive Casualty agreed to "conduct a reasonable search for and produce marketing materials concerning the WorkCenter Total Loss valuation software provided by Mitchell to UFCC." These documents concern the WorkCenter Total Loss software and were produced at PGR_THURSTON_0000959 – PGR_THURSTON_0001191.

**<ins>INTERROGATORY NO. 4</ins>:**

In reference to the electronic spreadsheet file you produced, with the file name PGR_THURSTON_0000957_CONFIDENTIAL, which lists some 6195 vehicles: please **identify** each vehicle for which a **PSA** was used to calculate the amount of the total loss.

**RESPONSE TO INTERROGATORY NO. 4:**

Progressive Casualty objects to Interrogatory No. 4 as overbroad, unduly burdensome, and disproportionate to the needs of the case since determining whether any given claim was settled on a report that includes a PSA requires a manual, time-consuming review of the claim file for every total-loss claim. While a PSA may have applied to certain comparable vehicles during the putative class period, a search for such documents would necessarily involve a file-by-file review of each total-loss claim file during the putative class period to determine which claims referenced in     PGR_THURSTON_0000957_CONFIDENTIAL     (and     PGR_THURSTON_0001192 _CONFIDENTIAL) included a PSA.

**INTERROGATORY NO. 5:**

In reference to the electronic spreadsheet file you produced, with the file name PGR_THURSTON_0000957_CONFIDENTIAL, which lists some 6195 vehicles: please **identify** each vehicle for which the person who was paid a total loss resided in Maine or had claims that were paid to a Maine address.

**RESPONSE TO INTERROGATORY NO. 5:**

Progressive Casualty objects to Interrogatory No. 5 as overbroad, unduly burdensome, and disproportionate to the needs of the case since determining "the person who was paid" requires a manual, time-consuming review of the claim file for every total-loss claim referenced in PGR_THURSTON_0000957_CONFIDENTIAL     (and     PGR_THURSTON_0001192 _CONFIDENTIAL).

Subject to and without waiving its objections, Progressive Casualty answers that the claims referenced in PGR_THURSTON_0000957_CONFIDENTIAL (and PGR_THURSTON_0001192 _CONFIDENTIAL) are limited to those where the named insured maintained an address in Maine associated with his or her policy at the time of the loss. In so answering, Progressive Casualty does not state that the named insured was the person or entity paid for the total loss. Progressive

Casualty further answers that if the person or entity paid for the total loss was not the named insured, then Progressive Casualty may not have any information regarding that person's or entity's residence or address.

DATED: January 5, 2024.

*/s/ J. Matthew Brigman*

Thomas S. Marjerison, Esq.
Bar No. 7836
tmarjerison@nhdlaw.com
**NORMAN, HANSON & DETROY, LLC**
2 Canal Plaza
P.O. Box 4600
Portland, ME 04112
P: (207) 774-7000

Jeffrey S. Cashdan*
jcashdan@kslaw.com
Zachary A. McEntyre*
zmcentyre@kslaw.com
J. Matthew Brigman*
mbrigman@kslaw.com
Allison Hill White*
awhite@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree St. NE
Atlanta, Georgia 30309
P: (404) 572-4600
F: (404) 572-5140

Julia C. Barrett*
jbarrett@kslaw.com
**KING & SPALDING LLP**
500 W. 2nd Street
Suite 1800
Austin, Texas 78701
P: (512) 457-2000
F: (512) 457-2100

*Counsel for Defendants*
*Admitted pro hac vice*

9

## **<u>VERIFICATION</u>**

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing **DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** are true and correct to the best of my knowledge, information, and belief.

Executed on this 5th day of January, 2024.

*<u>s/  John Retton</u>*

By: John Retton

## CERTIFICATE OF SERVICE

I certify that on January 5, 2024, a copy of the foregoing was served via electronic mail on all counsel of record.

John Z. Steed
**ISLAND JUSTICE**
P.O. Box 771
Stonington, ME 04681
Email: john@islandlaw.com

Ronald Ira Frederick
**FREDERICK & BERLER, LLC**
767 East 185th Street
Cleveland, OH 44119
Email: filings@clevelandconsmerlaw.com

Scott C. Borison
**BORISON FIRM, LLC**
5830 E. Second Street #95943
Casper, WY 82609
Email: scott@borisonfirm.com


_/s/ J. Matthew Brigman_
J. Matthew Brigman

_Counsel for Defendants_