## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW THURSTON, KATHERINE BRIDGES, and GENEVIEVE MCDONALD, individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY,<br><br>                    Defendants. | Docket No. 1:22-cv-00375-NT |

### DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY'S SECOND AMENDED ANSWERS AND RESPONSES TO PLAINTIFF GENEVIEVE MCDONALD'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Progressive Casualty Insurance Company ("Progressive Casualty" or "Defendant") by and through undersigned counsel, makes the following answers to Plaintiff Genevieve McDonald's First Set of Interrogatories (collectively, the "Interrogatories"; and each, an "Interrogatory") and Requests for Production of Documents (collectively, the "Requests"; and each, a "Request").

### GENERAL STATEMENT

Discovery is ongoing, and Defendant has not completed its investigation of the facts related to this litigation. Defendant answers these Interrogatories and responds to these Requests based on its present knowledge, the documents and things presently in its possession, and the analysis it has completed to date. Defendant reserves the right to later supplement or amend its answers, responses, and objections to these Interrogatories and Requests. Defendant also reserves the right to use subsequently discovered information in depositions, at trial, and in support of or opposition

to any motion.

By answering these Interrogatories and Requests, Defendant does not concede that the information given is properly discoverable or admissible. Any response stating that Defendant will produce responsive documents does not indicate that such documents in fact exist, but only that Defendant will produce, subject to and without waiving its other objections, such non-privileged, non-work product documents in its possession, custody, or control as may be located after a reasonable, good faith search and in accordance with its responses.

Defendant notes that the initial fact discovery period in this case closed in January 2024. However, in the Court's June 2024 order permitting intervention on behalf of Plaintiff Bridges and Plaintiff McDonald, the Court explained that while it would not allow a "total restart of fact discovery" it would permit "a brief reopening to investigate [Plaintiff Bridges' and McDonald's] individual claims." Dkt. 73 at 5. The Court thereafter entered an order on the parties' joint motion allowing discovery related to the intervenor-plaintiffs only to conclude on September 30, 2024. Dkts. 77 & 78. Accordingly, Defendant objects to any requests that are duplicative of the discovery previously taken in this case by Plaintiff Thurston or requests that otherwise could have been taken during the initial fact discovery period.

Defendant reserves the right to object to further discovery regarding the subject matter of these Interrogatories and Requests.

## OBJECTIONS TO INSTRUCTIONS

1.    Defendant objects to each and all of the definitions to the extent they purport to impose obligations greater than those required by the Federal Rules of Civil Procedure.

2.    Defendant objects to the instructed meaning of "Identify" (with respect to documents) to the extent it purports to require that Defendant state the: "(a) the type of document

(i.e., letter, memorandum, etc.), its date, author, addressee, and other recipients; (b) the number of pages in the document; (c) a general description of the subject matter of the document; and (d) the current custodian of the document" because this is unduly burdensome and broader than the obligations required by the Federal Rules of Civil Procedure. Consistent with the Rules, where applicable, Defendant will respond to the Interrogatories by "produc[ing] documents as they are kept in the usual course of business" and electronically stored information "in [the] form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed R. Civ. P. 34(b)(2)(E)(i)-(iii).

3.      Defendant objects to the instructed meaning of "Identify" (with respect to individuals or persons) to the extent it purports to require disclosure of the home address or home telephone number of any individual whose knowledge of or relationship to this litigation arises from their current or former employment duties.

4.      Defendant objects to the instructed meaning of "Identify" (with respect to a communication) to the extent it purports to require that Defendant state: "(a) the identity, title, and employer of the senders and recipients of the communication; (b) the date of the communication; (c) a general description of the contents of the communication; (d) all documents constituting, relating to, or referring to the subject of the communication; (e) the dates of these documents constituting, relating to, or referring to the subject of the communication; and (f) a general description of the contents of all documents constituting, relating to, or referring to the subject of the communication" because this is unduly burdensome and broader than the obligations required by the Federal Rules of Civil Procedure. Consistent with the Rules, where applicable, Defendant will respond to the Interrogatories by "produc[ing] documents as they are kept in the usual course of business" and electronically stored information "in [the] form or forms in which it is ordinarily

maintained or in a reasonably usable form or forms." Fed R. Civ. P. 34(b)(2)(E)(i)-(iii).

5.    Defendant objects to the instruction to itemize in a Privilege Log "[a]ny withheld documents" to the extent it requires Defendant to catalog privileged communications or work-product generated by Defendant's counsel in connection with this lawsuit or related litigation. Communications made solely for the purpose of litigation are not relevant or discoverable. Further, Defendant objects to the instruction to the extent it requires that each individual document must be catalogued. Where applicable, communications may be identified in a Privilege Log by category, rather than individually.

## OBJECTIONS TO DEFINITIONS

1.    Defendant objects to the definitions of "Progressive," "You," "Your," and "Defendant" to the extent they encompass any entity or person other than Progressive Casualty. Defendant will construe these terms to mean only Progressive Casualty.

2.    Defendant objects to the definition of "United Financial" to the extent it encompasses any entity or person other than Defendant United Financial Casualty Company ("UFCC"). Defendant will construe this term to mean only UFCC.

3.    Defendant objects to the definition of "WorkCenter Total Loss" as overbroad to the extent it encompasses any "claims processing software that Progressive uses relating to the valuation of certain automobile insurance claims." Defendant will construe this term to mean only the WorkCenter Total Loss ("WCTL") software created by Mitchell International, Inc. ("Mitchell"), and not to include any other claims-handling software created by Progressive or any other third party.

4.    Defendant objects to the definition of "Person" as vague to the extent it purports to include "other legal and artificial entities."

5.     Defendant objects to the definition of "[r]elating to" "relate to," "referring to," or "refer to" because the terms "evidencing or tending to evidence"; "constituting or in any way touching upon or arising out of"; and "having any logical or factual connection with" are vague, overbroad, unduly burdensome, and disproportionate to the needs of this case as they would necessarily encompass documents that are irrelevant to any claim or defense in this lawsuit.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all Persons who provided information, answers, or documents in response to these Interrogatories or who assisted in drafting responses to these Interrogatories. For each Person identified, list the specific Interrogatory(ies) for which each person provided information.

### ANSWER TO INTERROGATORY NO. 1:

Defendant objects to Interrogatory No. 1 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant states that John Retton participated in preparing the factual responses to the Interrogatories. Mr. Retton is a Claims Director for Defendant Progressive Casualty and its affiliates, including UFCC, and in that role, oversaw the use of WCTL from its implementation until January 1, 2022. UFCC is not withholding any documents responsive to this request on the basis of privilege.

### INTERROGATORY NO. 2:

Identify all Persons who have knowledge of or discoverable information relating to the factual and legal allegations or assertions in the Complaint and this Lawsuit and to the factual and legal allegations, statements, assertions, and defenses in the Answers. For each Person identified, state or identify the specific discoverable information that the Person has.

### ANSWER TO INTERROGATORY NO. 2:

Defendant objects to Interrogatory No. 2 to the extent that it seeks information protected

from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant refers Plaintiff to Defendants' Initial Disclosures, served on July 19, 2023, which identify certain persons whom Defendants believe may have personal knowledge of the facts alleged in the Complaint or in Defendants' Answer thereto, as well as the basis of their knowledge. Defendant further states that Michael Fries served as the Managed Repair Representative for Plaintiff's claim. Mr. Fries evaluated Plaintiff's vehicle, input information about the vehicle into the Mitchell WorkCenter Total Loss software, reviewed the Mitchell Vehicle Valuation Report, and presented UFCC's settlement offer to Plaintiff. In so answering, Defendant does not make any representation as to whether Mr. Fries has personal knowledge of Plaintiff's claim, or the allegations in the Complaint or responses thereto in Defendants' Answer. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**INTERROGATORY NO. 3:**

Identify all Persons that Progressive may, intends to, or will call as a fact witness at the trial or any hearing in this Lawsuit, including without limitation, relating to Your opposition to class certification in this Lawsuit. For each witness identified, state or identify the subject matters, topics, and issues on which that witness plans to testify.

**ANSWER TO INTERROGATORY NO. 3:**

Defendant objects to Interrogatory No. 3 as premature. Discovery is ongoing and Defendants are not required to disclose their trial witnesses until the trial date approaches, as scheduled by the Court. *See, e.g.*, *LaRoe v. Div. of Bureau of Special Educ. Appeals*, No. 3:21-CV-30020-MGM, 2024 WL 1093052, at *7 (D. Mass. Mar. 13, 2024). Defendant objects to Interrogatory No. 3 to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant will disclose its trial witnesses in

accordance with Fed. R. Civ. P. 23(a)(3) and/or a case schedule entered by the Court setting pre-trial deadlines and disclosures. Defendant will rely on testimony from John Retton in support of their opposition to class certification. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**INTERROGATORY NO. 4:**

Identify all Documents, exhibits, and demonstratives that Progressive may, intends to, plans on, or will use or introduce as evidence at the trial, any hearing, or in any deposition in this Lawsuit, including without limitation, relating to Your opposition to class certification in this Lawsuit.

**ANSWER TO INTERROGATORY NO. 4:**

Defendant objects to Interrogatory No. 4 as premature. Discovery is ongoing and Defendants are not required to disclose their trial exhibits and demonstratives until the trial date approaches, as scheduled by the Court. *See, e.g.*, *LaRoe v. Div. of Bureau of Special Educ. Appeals*, No. 3:21-CV-30020-MGM, 2024 WL 1093052, at *7 (D. Mass. Mar. 13, 2024).

Subject to and without waiving its objections, Defendant will disclose its trial exhibits and demonstratives in accordance with Fed. R. Civ. P. 23(a)(3) and/or a schedule entered by the Court setting pre-trial deadlines and disclosures. Defendant will disclose its exhibits to any hearing, deposition, or opposition to class certification at such time as any deposition, hearing, or opposition may occur unless otherwise directed by subpoena or in accordance with the case schedule.

**INTERROGATORY NO. 5:**

Identify all Persons who were involved in any way in analyzing, considering, reviewing, and/or adjusting the Claim, including, without limitation, the claims adjuster and his or her superior or supervisor.

**ANSWER TO INTERROGATORY NO. 5:**

Defendant objects to Interrogatory No. 5 as vague to the extent it seeks the identity of all persons "involved in any way in analyzing, considering, reviewing, and/or adjusting" Plaintiff's total-loss claim. Defendant objects to Interrogatory No. 5 to the extent that it seeks information

protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant answers that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case, which contains all documents and communications necessary to identify the employees who may have assisted with Plaintiff's total-loss claim. Defendant further states that Michael Fries served as the Managed Repair Representative for Plaintiff's claim. Mr. Fries evaluated Plaintiff's vehicle, input information about the vehicle into the Mitchell WorkCenter Total Loss software, reviewed the Mitchell Vehicle Valuation Report, and presented UFCC's settlement offer to her. In so answering, Defendant does not make any representation as to whether Mr. Fries or any other person has personal knowledge of Plaintiff's total-loss claim. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**INTERROGATORY NO. 6:**

Identify all Persons who were involved in any way in drafting, reviewing, revising, analyzing, and approving the Mitchell Report.

**ANSWER TO INTERROGATORY NO. 6:**

Defendant objects to Interrogatory No. 6 as vague to the extent it seeks the identity of all persons "involved in any way in drafting, reviewing, revising, analyzing, or approving" Plaintiff's Mitchell WorkCenter Total Loss Vehicle Valuation Report. Defendant objects to Interrogatory No. 6 to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant answers that it does not "draft[,]" "revis[e,] or approv[e]" Mitchell WorkCenter Total Loss Vehicle Valuation Reports. Defendant's employees utilize the WorkCenter Total Loss estimating software, but it is Mitchell that prepares the Reports. Defendant answers that UFCC will produce a true and correct copy of the claim file

for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case, which contains all documents and communications necessary to identify the employees who may have assisted with Plaintiff's total-loss claim. Defendant further states that Michael Fries served as the Managed Repair Representative for Plaintiff's claim. Mr. Fries evaluated Plaintiff's vehicle, input information about the vehicle into the Mitchell WorkCenter Total Loss software, and reviewed the Mitchell Vehicle Valuation Report. In so answering, Defendant does not make any representation as to whether Mr. Fries or any other person has personal knowledge of Plaintiff's total-loss claim. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**INTERROGATORY NO. 7:**

Identify all Persons You have interviewed relating to the Claim, Mitchell Report, the use of the WorkCenter Total Loss in adjusting or reviewing this Claim, Complaint, Answers, and Lawsuit. If You obtained any written or oral statements from any of those Persons, please identify who provided the statement and the dates of the statement.

**ANSWER TO INTERROGATORY NO. 7:**

Defendant objects to Interrogatory No. 7 to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the work-product doctrine. Defendant further objects to the extent Interrogatory No. 7 seeks the identity of individuals interviewed by Defendants' counsel.

Subject to and without waiving its objections, Defendant states that no persons have been interviewed by Progressive Casualty. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**INTERROGATORY NO. 8:**

Identify and describe all actions that You took to verify the deductions, adjustments, actual cash value of the Vehicle after the Accident, and the final numbers reflected in the Mitchell Report, including, without limitation, any Communications with the sellers of the comparable vehicles reflected in the Mitchell Report.

**ANSWER TO INTERROGATORY NO. 8:**

Defendant objects to Interrogatory No. 8 because the phrase "verify the deductions, adjustments, actual cash value [], and the final numbers" is vague and overbroad. Defendant objects to Interrogatory No. 8 to the extent it seeks information that is not in Progressive Casualty's possession, custody, or control. Finally, Defendant objects to Interrogatory No. 8 to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant states that a UFCC agent evaluated Plaintiff's vehicle to confirm the features, options, mileage, and condition of the vehicle as reflected in Plaintiff's Mitchell Vehicle Valuation Report. While Defendant's employees utilize the WorkCenter Total Loss estimating software, it is Mitchell that prepares the Reports to generate the actual cash value of the vehicle. Defendant Progressive Casualty has no information responsive to this Interrogatory. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**INTERROGATORY NO. 9:**

Identify all Communications between You and any Person relating to the Claim and the adjustment or review of the Claim.

**ANSWER TO INTERROGATORY NO. 9:**

Defendant objects to Interrogatory No. 9 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work-product doctrine. Defendant objects to the use of the phrase "adjustment or review of the Claim" as vague and overbroad.

Subject to and without waiving its objections, Defendant answers that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case, which contains all documents and communications related to

Plaintiff's total-loss claim. Defendant Progressive Casualty has no information responsive to this Interrogatory. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**INTERROGATORY NO. 10:**

Identify all Communications between You and any Person relating to the Mitchell Report.

**ANSWER TO INTERROGATORY NO. 10:**

Defendant objects to Interrogatory No. 10 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant answers that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case, which contains all documents and communications related to Plaintiff's total-loss claim. Defendant Progressive Casualty has no information responsive to this Interrogatory. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**INTERROGATORY NO. 11:**

Identify all Persons who appraised or valued the Vehicle after the Accident, including, without limitation, all Persons who calculated an actual cash value of the Vehicle after the Accident.

**ANSWER TO INTERROGATORY NO. 11:**

Defendant objects to Interrogatory No. 11 because the phrase "appraised or valued" is vague and overbroad. Defendant objects to Interrogatory No. 11 to the extent it is duplicative of Interrogatory No. 6.

Subject to and without waiving its objections, Defendant refers Plaintiff to its answer to Interrogatory No. 6.

**INTERROGATORY NO. 12:**

Identify all Persons who ran the Mitchell Report, any other appraisal report, or valuation alternative for total-loss vehicles.

**ANSWER TO INTERROGATORY NO. 12:**

Defendant objects to Interrogatory No. 12 as vague to the extent it seeks the identity of all persons who "ran the Mitchell Report, any other appraisal report, or valuation alternative" for Plaintiff's total-loss vehicle. Defendant objects to Interrogatory No. 12 to the extent it is duplicative of Interrogatory Nos. 6 & 11. Finally, Defendant objects to Interrogatory No. 12 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant refers Plaintiff to its answers to Interrogatory Nos. 6 & 11. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**INTERROGATORY NO. 13:**

Identify all Persons who had communications and/or correspondence with Plaintiff relating to her Claim, the use of the Projected Sold Adjustment, the Mitchell Report, the WorkCenter Total Loss, or the valuation of her total-loss Vehicle.

**ANSWER TO INTERROGATORY NO. 13:**

Defendant objects to Interrogatory No. 13 to the extent it seeks information that is not in Progressive Casualty's possession, custody, or control, or is otherwise available to Plaintiff.

Subject to and without waiving its objections, Defendant answers that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case, which contains all documents and communications necessary to identify the employees who may have assisted with Plaintiff's total-loss claim. Defendant further states that Michael Waites was the File Owner assigned to Plaintiff's claim, and Michael Fries served as the Managed Repair Representative for Plaintiff's vehicle. Mr. Fries communicated with

Plaintiff regarding the valuation of her vehicle and UFCC's settlement offer. Mr. Waites communicated with Plaintiff regarding other aspects of the claim, including her recorded statement of the incident and to finalize the documents necessary to close her claim after she had accepted UFCC's offer to settle. In so answering, Defendant does not make any representation as to whether Mr. Waites, Mr. Fries, or any other person has personal knowledge of Plaintiff's total-loss claim or had communications or correspondence with Plaintiff.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents used, relied upon, referenced, referred to, reviewed, or analyzed in answering the First Set of Interrogatories.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Defendant objects to Request No. 1 because the phrase "used, relied upon, referenced, referred to, reviewed, or analyzed" is vague and overbroad. Defendant objects to Request No. 1 to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case. Defendant further responds that UFCC will produce a true and correct copy of Plaintiff's insurance policy, which was underwritten by UFCC (as described in Defendants' Answer), and Plaintiff's underwriting file with UFCC. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents responsive to this request on the basis of privilege.

### REQUEST FOR PRODUCTION NO. 2:

The insurance policy(ies) used to adjust the Claim or that provided coverage for the Vehicle for the Accident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to Request No. 2 to the extent it is duplicative of Request No. 1.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of Plaintiff's insurance policy, which was underwritten by UFCC (as described in Defendants' Answer). Defendant Progressive Casualty has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

The claims file for the Claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to Request No. 3 to the extent it is duplicative of Request No. 1.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case. Defendant Progressive Casualty has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents relating to the Claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to Request No. 4 because the phrase "relating to" is vague and overbroad. Defendant objects to Request No. 4 to the extent it is duplicative of Request Nos. 1 & 3. Defendant objects to Request No. 4 to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case. Defendant further responds that UFCC will produce a true and

14

correct copy of Plaintiff's insurance policy, which was underwritten by UFCC (as described in Defendants' Answer), and Plaintiff's underwriting file with UFCC. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications between You and any Person relating to the Claim, and all Documents relating to those Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to Request No. 5 because the phrase "relating to" is vague and overbroad. Defendant objects to Request No. 5 to the extent it is duplicative of Request Nos. 1, 3 & 4. Defendant objects to Request No. 5 to the extent that it seeks communications or documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case. Defendant further responds that UFCC will produce a true and correct copy of Plaintiff's insurance policy, which was underwritten by UFCC (as described in Defendants' Answer), and Plaintiff's underwriting file with UFCC. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents relating to the adjusting, review, or approval of the Claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to Request No. 6 because the terms "adjusting, review, or approval of the Claim" are vague and overbroad. Defendant objects to Request No. 6 to the extent it is

duplicative of Request Nos. 1, 3, 4 & 5. Defendant objects to Request No. 6 to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case. Defendant further responds that UFCC will produce a true and correct copy of Plaintiff's insurance policy, which was underwritten by UFCC (as described in Defendants' Answer), and Plaintiff's underwriting file with UFCC. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 7:**

All Communications between You and any Person relating to the adjusting, review, or approval of the Claim, and all Documents relating to those Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to Request No. 7 because the terms "adjusting, review, or approval of the Claim" are vague and overbroad. Defendant objects to Request No. 7 to the extent it is duplicative of Request Nos. 1, 3, 4, 5 & 6. Defendant objects to Request No. 7 to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case. Defendant further responds that UFCC will produce a true and correct copy of Plaintiff's insurance policy, which was underwritten by UFCC (as described in Defendants' Answer), and Plaintiff's underwriting file with UFCC. Defendant Progressive

Casualty has no documents responsive to this Request. UFCC is not withholding any documents

responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents relating to the Mitchell Report or any other valuation or valuation report including,
without limitation, the drafting, review, revisions, and approval of the Mitchell Report or the other
valuations or valuation reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to Request No. 8 because the phrases "relating to" and "any other

valuation or valuation report" are vague and overbroad. Defendant objects to Request No. 8 to the

extent it is duplicative of Request Nos. 1, 3, 4, 5, 6 & 7. Defendant objects to Request No. 8 to the

extent it seeks documents that are not in Progressive Casualty's possession, custody, or control.

Defendant objects to Request No. 8 to the extent that it seeks communications or documents

protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce

a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of

Plaintiff's claims in this case, which includes Plaintiff's WorkCenter Total Loss Valuation Report.

Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not

withholding any documents responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 9:**

All Communications between You and any Person relating to the Mitchell Report, including,
without limitation the drafting, review, revisions, and approval of the Mitchell Report, and all
Documents relating to those Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to Request No. 9 because the phrase "relating to" is vague and

overbroad. Defendant objects to Request No. 9 to the extent it is duplicative of Request Nos. 1, 3,

4, 5, 6, 7 & 8. Defendant objects to Request No. 9 to the extent that it seeks communications or

documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case, which includes Plaintiff's WorkCenter Total Loss Valuation Report. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents showing or relating to the Mitchell Report being a valid or proper procedure or system to adjust or value total-loss vehicles such as the Vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to Request No. 10 as outside the scope of the permissible discovery discussed and agreed to by the parties' counsel and directed by the Court during the conference with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention. Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants' defenses. Defendant further objects to the terms "valid" and "proper" as vague.

Subject to and without waiving its objections, Defendant will not produce any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents relating to the Vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to Request No. 11 because the phrase "relating to the Vehicle" is vague, overbroad, unduly burdensome, and disproportionate to the needs of this case as it would necessarily encompass documents that are irrelevant to any claim or defense in this lawsuit.

18

Defendant objects to Request No. 11 to the extent it is duplicative of Request Nos. 1, 3, 4, 5, 6, 7, 8, 9, & 10. Defendant objects to Request No. 11 to the extent that it seeks communications or documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case. Defendant further responds that UFCC will produce a true and correct copy of Plaintiff's insurance policy, which was underwritten by UFCC (as described in Defendants' Answer), and Plaintiff's underwriting file with UFCC. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 12:**

All Communications between You and any Person relating to the Vehicle, and all Documents relating to those Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to Request No. 12 because the phrase "relating to the Vehicle" is vague, overbroad, unduly burdensome, and disproportionate to the needs of this case as it would necessarily encompass documents that are irrelevant to any claim or defense in this lawsuit. Defendant objects to Request No. 12 to the extent it is duplicative of Request Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, & 11. Defendant objects to Request No. 12 to the extent that it seeks communications or documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of

Plaintiff's claims in this case. Defendant further responds that UFCC will produce a true and correct copy of Plaintiff's insurance policy, which was underwritten by UFCC (as described in Defendants' Answer), and Plaintiff's underwriting file with UFCC. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents relating to any and all appraisals or valuations of Vehicle after the Accident, including, without limitation, calculations of the actual cash value of the Vehicle after the Accident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to Request No. 13 because the phrase "relating to any and all appraisals or valuations" is vague and overbroad. Defendant objects to Request No. 13 to the extent it is duplicative of Request Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11 & 12. Defendant objects to Request No. 13 to the extent that it seeks communications or documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case, which includes Plaintiff's WorkCenter Total Loss Valuation Report. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 14:**

All Communications between You and any Person relating to any and all appraisals or valuations of the Vehicle after the Accident, including, without limitation, calculations of the actual cash value of the Vehicle after the Accident, and all Documents relating to those Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to Request No. 14 because the phrase "relating to any and all appraisals

or valuations" is vague and overbroad. Defendant objects to Request No. 14 to the extent it is duplicative of Request Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 & 13. Defendant objects to Request No. 14 to the extent that it seeks communications or documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case, which includes Plaintiff's WorkCenter Total Loss Valuation Report and all communications related to that Report. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents responsive to this request on the basis of privilege.

## REQUEST FOR PRODUCTION NO. 15:

All Documents relating to the Accident.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Defendant objects to Request No. 15 because the phrase "relating to the Accident" is vague and overbroad. Defendant objects to Request No. 15 to the extent it is duplicative of Request Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 & 14. Defendant objects to Request No. 15 to the extent that it seeks communications or documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case. Defendant further responds that UFCC will produce a true and correct copy of Plaintiff's insurance policy, which was underwritten by UFCC (as described in Defendants' Answer), and Plaintiff's underwriting file with UFCC. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents

responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications between You and any Person relating to the Accident, and all Documents relating to those Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to Request No. 16 because the phrase "relating to the Accident" is vague and overbroad. Defendant objects to Request No. 16 to the extent it is duplicative of Request Nos. 1, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, & 15. Defendant objects to Request No. 16 to the extent that it seeks communications or documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case. Defendant further responds that UFCC will produce a true and correct copy of Plaintiff's insurance policy, which was underwritten by UFCC (as described in Defendants' Answer), and Plaintiff's underwriting file with UFCC. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to the factual and legal allegations, statements, or assertions or defenses in the Complaint or the Answers, including, without limitation, the affirmative defenses in the Answers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to Request No. 17 because the phrase "relating to factual and legal allegations, statements, or assertions or defenses" is vague and overbroad. Defendant objects to Request No. 17 to the extent it is duplicative of Request No. 1. Defendant objects to Request

No. 17 to the extent that it seeks communications or documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine. Finally, Defendant objects to Request No. 17 as overbroad and disproportionate to the needs of this litigation to the extent it seeks documents unrelated to Plaintiff's total-loss claim. Defendant objects to Request No. 17 to the extent it seeks documents or information outside the scope of the permissible discovery discussed and agreed to by the parties' counsel and directed by the Court during the conference with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention. Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants' defenses.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case. Defendant further responds that UFCC will produce a true and correct copy of Plaintiff's insurance policy, which was underwritten by UFCC (as described in Defendants' Answer), and Plaintiff's underwriting file with UFCC. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 18:**

All Communications between You and any Person relating to the factual and legal allegations, statements, or assertions or defenses in the Complaint or the Answers, including, without limitation, the affirmative defenses in the Answers, and all Documents relating to those Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to Request No. 18 because the phrase "relating to factual and legal allegations, statements, or assertions or defenses" is vague and overbroad. Defendant objects to Request No. 18 to the extent it is duplicative of Request Nos. 1 & 17. Defendant objects to Request

No. 18 to the extent that it seeks communications or documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine. Finally, Defendant objects to Request No. 18 as overbroad and disproportionate to the needs of this litigation to the extent it seeks documents unrelated to Plaintiff's total-loss claim. Defendant objects to Request No. 18 to the extent it seeks documents or information outside the scope of the permissible discovery discussed and agreed to by the parties' counsel and directed by the Court during the conference with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention. Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants' defenses.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents that have been provided to, obtained by, reviewed by, analyzed by, consulted by, used by, relied on by, drafted by, or revised by Your expert or opinion witness in this Lawsuit who may be called as an expert or opinion witness in the trial or any hearing in this Lawsuit, including without limitation, relating to Your opposition to class certification in this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to Request No. 19 as overbroad and disproportionate to the needs of this litigation to the extent it seeks documents unrelated to Plaintiff's total-loss claim. Defendant objects to Request No. 19 as outside the scope of the permissible discovery discussed and agreed to by the parties' counsel and directed by the Court during the conference with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention. Supplemental fact

discovery is limited to the intervenor-plaintiffs' claims and Defendants' defenses. Defendant

objects to Request No. 19 to the extent it seeks documents outside of the scope of Rule 26(a)(2)(B).

In particular, while Plaintiffs are entitled to the "facts or data" considered by Defendants' testifying

witnesses—they are not entitled to conduct discovery regarding the work performed by non-

testifying consultants acting at the direction of defense counsel. Such discovery falls outside of

Rule 26 and is protected as attorney work-product. *See* Fed. R. Civ. P. 26(b)(4)(D)(ii) ("Ordinarily,

a party may not, by interrogatories or deposition, discover facts known or opinions held by an

expert who has been retained or specially employed by another party in anticipation of litigation

or to prepare for trial and who is not expected to be called as a witness at trial."). Defendant objects

to Request No. 19 to the extent that it seeks communications or documents protected from

disclosure by the attorney-client privilege and/or the work-product doctrine.

      Subject to and without waiving its objections, Defendant states that its experts produced

all documents considered and relied upon in drafting their reports at the time their expert reports

were served (unless those documents were publicly available). Defendant will not produce any

additional documents responsive to this Request. UFCC is not withholding any documents

responsive to this request on the basis of privilege.

## REQUEST FOR PRODUCTION NO. 20:

All Documents, exhibits, and demonstratives that You intend to, plan on, may, or will used in the
trial, any hearing, or in any deposition in this Lawsuit, including without limitation, relating to
Your opposition to class certification in this Lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

      Defendant objects to Request No. 20 as premature. Discovery is ongoing and Defendants

are not required to disclose their trial exhibits and demonstratives until the trial date approaches,

as scheduled by the Court. *See, e.g.*, *LaRoe v. Div. of Bureau of Special Educ. Appeals*, No. 3:21-

CV-30020-MGM, 2024 WL 1093052, at *7 (D. Mass. Mar. 13, 2024).

Subject to and without waiving its objections, Defendant will disclose its trial exhibits and demonstratives in accordance with Fed. R. Civ. P. 23(a)(3) and/or a schedule entered by the Court setting pre-trial deadlines and disclosures. Defendant will disclose its exhibits to any hearing, deposition, or opposition to class certification at such time as any deposition, hearing, or opposition may occur unless otherwise directed by subpoena or in accordance with the case schedule.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents relating in any way to Ms. McDonald.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant objects to Request No. 21 as vague, overbroad, and disproportionate to the needs of this litigation to the extent it seeks "[a]ll documents relating in any way to Ms. McDonald" which would necessarily include documents unrelated to Plaintiff's total-loss claim. Defendant objects to Request No. 21 to the extent that it seeks communications or documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case. Defendant further responds that UFCC will produce a true and correct copy of Plaintiff's insurance policy, which was underwritten by UFCC (as described in Defendants' Answer), and Plaintiff's underwriting file with UFCC. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications between Progressive and any Person relating in any way to Ms. McDonald.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to Request No. 22 as vague, overbroad, and disproportionate to the needs

of this litigation to the extent it seeks "[a]ll communications … relating in any way to Ms. McDonald" which would necessarily include documents unrelated to Plaintiff's total-loss claim. Defendant objects to Request No. 22 to the extent it is duplicative of Request No. 21. Defendant objects to Request No. 22 to the extent that it seeks communications or documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of Plaintiff's claims in this case. Defendant further responds that UFCC will produce a true and correct copy of Plaintiff's insurance policy, which was underwritten by UFCC (as described in Defendants' Answer), and Plaintiff's underwriting file with UFCC. Defendant Progressive Casualty has no documents responsive to this Request. UFCC is not withholding any documents responsive to this request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents relating to the underwriting of the insurance policy(ies) that provided coverage for the Vehicle after the Accident or was used in adjusting the Claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Subject to and without waiving its objections, Defendant responds that UFCC will produce a true and correct copy of Plaintiff's underwriting file with UFCC. Defendant Progressive Casualty has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents relating to any assertion that the Projected Sold Adjustment used in the Claim or Mitchell Report has a rational basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant objects to Request No. 24 as outside the scope of the permissible discovery discussed and agreed to by the parties' counsel and directed by the Court during the conference

with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention.

Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants'

defenses. Defendant objects to the phrase "rational basis" as vague. Defendant objects to Request

No. 24 to the extent that it seeks communications or documents protected from disclosure by the

attorney-client privilege and/or the work-product doctrine.

      Subject to and without waiving its objections, Defendant will not produce any additional

documents responsive to this Request. UFCC is not withholding any documents responsive to this

request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 25:**

All Communications between You and any Person relating to any assertion that the Projected Sold
Adjustment used in the Claim or Mitchell Report has a rational basis, and all Documents relating
to those Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

      Defendant objects to Request No. 25 as outside the scope of the permissible discovery

discussed and agreed to by the parties' counsel and directed by the Court during the conference

with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention.

Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants'

defenses. Defendant further objects to the phrase "rational basis" as vague. Defendant objects to

Request No. 25 to the extent that it seeks communications or documents protected from disclosure

by the attorney-client privilege and/or the work-product doctrine.

      Subject to and without waiving its objections, Defendant will not produce any additional

documents responsive to this Request. UFCC is not withholding any documents responsive to this

request on the basis of privilege.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents relating to any assertion that the Projected Sold Adjustment used in the Claim or

Mitchell Report is a proper or valid system or procedure to adjust or value total-loss vehicles such as the Vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to Request No. 26 as outside the scope of the permissible discovery discussed and agreed to by the parties' counsel and directed by the Court during the conference with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention. Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants' defenses. Defendant further objects to the terms "proper" and "valid" as vague.

Subject to and without waiving its objections, Defendant will not produce any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All Communications relating to any assertion that the Projected Sold Adjustment used in the Claim or Mitchell Report is a proper or valid system or procedure to adjust or value total-loss vehicles such as the Vehicle, and all Documents relating to those Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to Request No. 27 as outside the scope of the permissible discovery discussed and agreed to by the parties' counsel and directed by the Court during the conference with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention. Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants' defenses. Defendant further objects to the terms "proper" and "valid" as vague.

Subject to and without waiving its objections, Defendant will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents relating to any assertion that the Projected Sold Adjustment used in the Claim or Mitchell Report is a proper or valid system or procedure to determine the actual cash value of total-loss vehicles such as the Vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to Request No. 28 as outside the scope of the permissible discovery discussed and agreed to by the parties' counsel and directed by the Court during the conference with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention. Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants' defenses. Defendant further objects to the terms "proper" and "valid" as vague.

Subject to and without waiving its objections, Defendant will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All Communications relating to any assertion that the Projected Sold Adjustment used in the Claim or Mitchell Report is a proper or valid system or procedure to determine the actual cash value of total-loss vehicles such as the Vehicle, and all Documents relating to those Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to Request No. 29 as outside the scope of the permissible discovery discussed and agreed to by the parties' counsel and directed by the Court during the conference with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention. Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants' defenses. Defendant further objects to the terms "proper" and "valid" as vague.

Subject to and without waiving its objections, Defendant will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents relating to any assertion that the Projected Sold Adjustment used in the Claim or Mitchell Report is consistent with appraisal standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendant objects to Request No. 30 as outside the scope of the permissible discovery

discussed and agreed to by the parties' counsel and directed by the Court during the conference with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention. Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants' defenses. Defendant further objects to the phrase "consistent with appraisal standards" as vague.

Subject to and without waiving its objections, Defendant will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 31:**

All Communications relating to any assertion that the Projected Sold Adjustment used in the Claim or Mitchell Report is consistent with appraisal standards, and all Documents relating to those Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendant objects to Request No. 31 as outside the scope of the permissible discovery discussed and agreed to by the parties' counsel and directed by the Court during the conference with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention. Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants' defenses. Defendant further objects to the phrase "consistent with appraisal standards" as vague.

Subject to and without waiving its objections, Defendant will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents relating to any assertion that the WorkCenter Total Loss is a proper or valid claims processing software to adjust or value total-loss vehicles such as the Vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant objects to Request No. 32 as outside the scope of the permissible discovery discussed and agreed to by the parties' counsel and directed by the Court during the conference with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention.

Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants' defenses. Defendant further objects to the terms "proper" and "valid" as vague.

Subject to and without waiving its objections, Defendant will not produce any additional documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 33:

All Communications relating to any assertion that the WorkCenter Total Loss is a proper or valid claims processing software to adjust or value total-loss vehicles such as the Vehicle, and all Documents relating to those Communications.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Defendant objects to Request No. 33 as outside the scope of the permissible discovery discussed and agreed to by the parties' counsel and directed by the Court during the conference with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention. Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants' defenses. Defendant further objects to the terms "proper" and "valid" as vague.

Subject to and without waiving its objections, Defendant will not produce any additional documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 34:

All Documents relating to any assertion that the WorkCenter Total Loss is a proper or valid claims processing software to determine the actual cash value of total-loss vehicles such as the Vehicle.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Defendant objects to Request No. 34 as outside the scope of the permissible discovery discussed and agreed to by the parties' counsel and directed by the Court during the conference with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention. Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants' defenses. Defendant further objects to the terms "proper" and "valid" as vague.

Subject to and without waiving its objections, Defendant will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All Communications relating to any assertion that the WorkCenter Total Loss is a proper or valid claims processing software to determine the actual cash value of total-loss vehicles such as the Vehicle, and all Documents relating to those Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendant objects to Request No. 35 as outside the scope of the permissible discovery discussed and agreed to by the parties' counsel and directed by the Court during the conference with Magistrate Judge Frink on July 10, 2024, following the Court's order permitting intervention. Supplemental fact discovery is limited to the intervenor-plaintiffs' claims and Defendants' defenses. Defendant further objects to the terms "proper" and "valid" as vague.

Subject to and without waiving its objections, Defendant will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents that have been provided to, obtained by, reviewed by, analyzed by, consulted by, used by, relied on by, drafted by, or revised by Your previously disclosed expert or opinion witness in this Lawsuit (e.g., experts that offered affidavits, testimony, or opinions in support of Defendants' Brief in Opposition to the original Motion for Class Certification).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendant objects to Request No. 36 to the extent it is duplicative of Request No. 19.

Subject to and without waiving its objections, Defendant refers Plaintiff to its objections and response to Request No. 19.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating in any way to this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendant objects to Request No. 37 as vague, overbroad, and disproportionate to the needs

of this litigation to the extent it seeks "[a]ll documents and communications relating in any way to

this Lawsuit" which would necessarily include documents unrelated to Plaintiff's total-loss claim.

Defendant objects to Request No. 37 to the extent that it seeks communications or documents

protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Defendant responds that UFCC will produce

a true and correct copy of the claim file for UFCC Claim No. 19-2813486 that is the subject of

Plaintiff's claims in this case. Defendant further responds that UFCC will produce a true and

correct copy of Plaintiff's insurance policy, which was underwritten by UFCC (as described in

Defendants' Answer), and Plaintiff's underwriting file with UFCC. Defendant Progressive

Casualty has no documents responsive to this Request. UFCC is not withholding any documents

responsive to this request on the basis of privilege.

DATED: September 24, 2024.

<div style="margin-left:40%">

*/s/ Allison Hill White*
Jeffrey S. Cashdan*
jcashdan@kslaw.com
Zachary A. McEntyre*
zmcentyre@kslaw.com
J. Matthew Brigman*
mbrigman@kslaw.com
Allison Hill White*
awhite@kslaw.com
Allexia Bowman Roberts*
aroberts@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree St. NE
Atlanta, Georgia 30309
P: (404) 572-4600
F: (404) 572-5140

Julia C. Barrett*
jbarrett@kslaw.com
**KING & SPALDING LLP**
500 W. 2nd Street
Suite 1800

</div>

Austin, Texas 78701
P: (512) 457-2000

Thomas S. Marjerison, Esq.
Bar No. 7836
tmarjerison@nhdlaw.com
**NORMAN, HANSON & DETROY, LLC**
2 Canal Plaza
P.O. Box 4600
Portland, ME 04112
P: (207) 774-7000

*Counsel for Defendants*
*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on September 24, 2024, a copy of the foregoing was served via electronic

mail on all counsel of record.

John Z. Steed
**ISLAND JUSTICE**
P.O. Box 771
Stonington, ME 04681
Email: john@islandlaw.com

Ronald Ira Frederick
Brian Edward Roof
**FREDERICK & BERLER, LLC**
767 East 185th Street
Cleveland, OH 44119
Email: filings@clevelandconsmerlaw.com
        brianr@clevelandconsumerlaw.com

Scott C. Borison
**BORISON FIRM, LLC**
5830 E. Second Street #95943
Casper, WY 82609
Email: scott@borisonfirm.com

_/s/ Allexia Bowman Roberts_
Allexia Bowman Roberts

_Counsel for Defendants_

36